## MITCHELL v. RATTS.

LIQUOR LAW.—*Act of 1875.*—*Section 20.*—*Action by Wife.*—*Pleading.*—*Parties.*—*Statute Construed.*—In an action by a wife against a person licensed under the provisions of the act of March 17th, 1875, (1 R. S. 1876, p. 869,) regulating the sale of intoxicating liquors, etc., the complaint alleged that the defendant had sold intoxicating liquor to the plaintiff's husband while he was intoxicated, whereby he became crazed, in consequence of which the plaintiff was injured in her person and means of support.

*Held*, on demurrer for a defect of parties, that, under section 20 of such act, the wife may maintain such action without joining her husband.

*Held*, also, on demurrer for want of sufficient facts, that such action may be maintained only when the sale complained of is made in violation of such statute, and that the complaint is sufficient.

From the Washington Circuit Court.

*H. Heffren* and ——. *Zaring*, for appellant.

*T. L. Collins* and *A. B. Collins*, for appellee.

BIDDLE, J.—Complaint, founded on section 20 of the act of March 17th, 1875, (2 R. S. 1876, p. 873,) against Francis Ratts, by Susan Mitchell, alleging that Ratts is a person licensed to sell intoxicating liquor; that he sold intoxicating liquor to John Mitchell, her husband, when he was intoxicated, whereby he became crazed, and that,

in consequence of his condition, she was injured in her means of support and in her person.

A demurrer, alleging as grounds, 1. That there is a defect of parties, in this, that the husband of said plaintiff should be a co-plaintiff; and, 2. That said complaint does not state facts sufficient to constitute a cause of action, was filed to the complaint, and sustained, to which ruling exceptions were reserved.

The parties stood by their positions, and the court rendered judgment for appellee.

Appeal.

The section upon which this suit is sought to be maintained is in the following words:

"Sec. 20. Every person who shall sell, barter, or give away any intoxicating liquors, in violation of any of the provisions of this act, shall be personally liable and also liable on his bond filed in the auditor's office, as required by section 4 of this act, to any person who shall sustain any injury or damage to his person or property, or means of support on account of the use of such intoxicating liquors, so sold as aforesaid, to be enforced by appropriate action in any court of competent jurisdiction."

This section makes the person who violates its provisions liable "to any person who shall sustain any injury," etc. Any person includes a wife, and, if it includes a wife, it includes her without joining her husband. This is the plain meaning of the words, and any other construction would do violence to their sense; besides, in view of the past legislation upon the subject of intoxicating liquors, we think such was the legislative intention.

The averments in the complaint are sufficient to bring the case within the statute; indeed, as to this, no serious objection is made against it.

The judgment is reversed, at the costs of the appellee, and the cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.