## COLLIER *v.* EARLY.

LIQUOR LAW OF 1873.—*Section 12.*—*Injury to Means of Support.*—*Death of Intoxicated Person.*—*Proximate Cause.*—In an action, by the widow of a deceased person, to recover damages of the defendant, under section 12 of the act approved February 27th, 1873, (Acts 1873, Reg. Sess., p. 151,) "to regulate the sale of intoxicating liquors," etc., the complaint alleged that the defendant unlawfully sold intoxicating liquor to the decedent, during his lifetime and the existence of his marriage contract with the plaintiff, and whilst he was intoxicated, thereby causing him to become so intoxicated, and so insensible of his surroundings, as to go upon a railroad track where he was run over and killed by a train of cars, thus depriving the plaintiff of her means of support.

*Held*, that the decedent's death was not the natural, necessary or probable result of such unlawful sale, and therefore the complaint was bad on demurrer for want of sufficient facts.

From the Boone Circuit Court.

*J. W. Gordon, T. M. Browne, R. N. Lamb, O. S. Hamilton* and *W. B. Walls*, for appellant.

*E. F. Ritter, L. C. Walker* and *L. Ritter*, for appellee.

BIDDLE, J.—Complaint, founded on the twelfth section of the act to regulate the sale of intoxicating liquors, approved February 27th, 1873, (Acts 1873, Reg. Sess., p. 151,) by Mary Early, against Joseph C. Collier, in the following words:

"Said plaintiff says, on the 1st day of March, 1873, and up until the 26th day of November, 1873, she was the wife of one James Early, at which last date he lost his life as hereinafter stated, and on whose frugality and personal labors she was and has been dependent for her support and the support of her four minor children. That said James Early was an industrious laboring man and regularly earned and received for his labor sixty dollars per month, ample means for the support of plaintiff and family, and which means for the support of plaintiff was so applied; and the defendant, a retail dealer of intoxicating liquors at the town of Lebanon, in Boone county, Indiana, on the 26th day of November, 1873, at the place

last aforesaid, unlawfully sold and gave to said James Early intoxicating liquors, while he was intoxicated, to be drank upon the premises and in the building where sold, thereby unlawfully causing said James Early to get intoxicated, and in consequence of said intoxication, said James Early, while in a state of insensibility, induced by said intoxication unlawfully caused by the defendant, stepped upon the track of the Indianapolis and Lafayette railroad, at Lebanon aforesaid, and was struck by a train on said road and killed. And in consequence of said intoxication of said James Early, unlawfully caused by the defendant, and by reason of the death of said James Early, occasioned by said intoxication, the plaintiff has been injured in and wholly deprived of her means of support from said James Early. "Wherefore plaintiff was and is injured in and wholly deprived of her means of support, by the unlawful and wrongful act of the defendant, to her damage in the sum of ten thousand dollars ($10,000), which remains unpaid, and for which she prays judgment against said defendant."

This complaint was held sufficient by the court, against a demurrer alleging as ground,—

First. That it does not state facts sufficient to constitute a cause of action; and,

Second. Because the plaintiff has no legal capacity to sue.

Exceptions were reserved to this ruling of the court.

Answer,—a general denial; upon which proceedings were had, which resulted in a judgment for the plaintiff. The defendant brings the case to this court.

We are of opinion that the complaint does not state facts sufficient to constitute a cause of action against the appellant, in favor of the appellee. The appellant can not be held liable for consequences which are not naturally caused by his acts. The death of Early, caused by a train of cars, is an effect which is not naturally, necessarily, nor even probably connected with the fact of unlaw-

fully selling intoxicating liquor to him by the appellant, whereby he became drunk; and when the death could take place only upon the coincidence of his stepping on the track and the train passing at the same time, the consequence becomes more remote and more disconnected with the cause alleged. The death need not take place immediately and directly upon the cause; but it must be effected by a chain of natural effects and causes, unchanged by human action, or the party who committed the first act will not be responsible. In this case, the running of the train of cars was the human action which changed the course of natural effects and causes connected with the act alleged against the appellant. · As the allegations stand in the complaint, Early was killed by the train of cars and not by the act of the appellant in unlawfully selling him intoxicating liquor.

This principle was fully discussed and carefully settled in the case of *Krach* v. *Heilman,* 53 Ind. 517. A reference to that case relieves us from any extended examination of the question in this case. See, also, *Kelley* v. *The State,* 53 Ind. 311.

Of course it is unnecessary, upon this view of the case, to examine any other questions made in this record.

The judgment is reversed, with costs, and cause remanded with instructions to sustain the demurrer to the complaint.