## BACKES *v.* DANT.

LIQUOR LAW OF 1873.—*Intoxication.*—*Death of Husband.*—*Action by Widow.* —Under section 12 of the act of February 27th, 1873, (Acts 1873, Reg. Sess., p. 151,) regulating the sale of intoxicating liquors, etc., the widow of a deceased person, who came to his death as the result of injuries received by him from a fall whilst intoxicated, could not maintain an action for damages therefor, against a person who had unlawfully sold her deceased husband intoxicating liquor which had caused such intoxication.

SAME.—*Repeal of Statute —Statute Construed.*—*Supreme Court.*—*Appeal.*—The repeal of such statute by the act of March 17th, 1875, (1 R. S. 1876, p. 869,) did not take away the right of a subsequent appeal to the Supreme Court, by a party to a cause accruing under the former law, wherein a judgment had been rendered against him, prior to such repeal; such action being a suit pending, within the proviso of section 21 of the latter act.

SAME.—Where a cause of action accrues under one statute, and the right of appeal to the Supreme Court from a judgment therein rendered lies under another, even the unqualified repeal of the former statute does not deprive the defendant of such right of appeal.

From the Daviess Circuit Court.

*J. T. Pierce,* for appellant.

*J. W. Burton* and *W. D. Bynum,* for appellee.

WORDEN, J.—Action by the appellee against the appellant, the complaint alleging, in substance, that the defendant unlawfully sold to the plaintiff's former husband intoxicating liquor, whereby he became drunk, in consequence of which he fell down a flight of stairs, inflicting injuries upon himself, of which he died. The complaint was founded upon the 12th section of what is generally known as the " Baxter Bill."

Demurrer to the complaint for want of sufficient facts, overruled, and exception.

Such further proceedings were had as that final judgment was rendered for the plaintiff below.

The defendant appeals to this court.

The appellee has filed a written motion to dismiss the appeal, because it was not taken until after the repeal of the " Baxter Bill." The 21st section of the act to regulate and license the sale of spirituous, etc., liquors, etc., ap-

proved March 17th 1875, 1 R. S. 1876, p. 869, repeals all former laws regulating the sale of intoxicating liquors, and all laws coming in conflict with any of the provisions of that act; "*Provided, however,* That nothing herein contained shall be so construed as to affect in any way suits or indictments now pending in any of the courts of this State under the provisions of any of the laws hereby repealed, and the same shall be tried and determined as though this act had not been passed."

It is claimed by counsel for the appellee, as we understand their brief, that, as this appeal had not been taken when the "Baxter Bill" was repealed, as above shown, the case cannot be regarded as a suit pending when the repeal took effect, and, therefore, that the appeal to this court does not lie.

The conclusion does not follow the premises, though the premises can not, probably, be conceded.

If the plaintiff had been beaten below, and had appealed to this court after the repeal of the law on which the action was founded, seeking a reversal in order to obtain another trial of the cause below, it would seem that the case ought to be regarded as a suit pending, until finally disposed of, and, if reversed in this court, that the plaintiff could go on with it below, the case being within the saving clause of the repealing statute.

But, however that might be, the appeal in this case is clearly well taken. The plaintiff recovered in the court below. If she has obtained a wrong judgment, under the law, the repeal of the law does not make it right, or take away the defendant's right of appeal, which is given by another statute not repealed.

The defendant's right of appeal does not depend upon any saving clause in the repealing act.

His right of appeal would have been perfect if the "Baxter Bill" had been unqualifiedly repealed.

To state the case simply:—A plaintiff obtains a judgment, under the provisions of a statute. The defendant

claims that the statute does not authorize the judgment, and, therefore, that it is erroneous. The repeal of the statute can in no manner affect the defendant's right to appeal, and thereby test the question whether the judgment was rightfully rendered.

The appellant has assigned for error the overruling of his demurrer to the complaint.

The demurrer should have been sustained. The case comes within the ruling of this court in the cases of *Krach* v. *Heilman,* 53 Ind. 517, and *Collier* v. *Early,* 54 Ind. 559, at the present term.

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer to the complaint.