### HORNING ET AL. *v.* WENDELL.

LIQUOR LAW.—*Act of* 1873.—*Section* 12.—*Constitutional Law.*—Section 12 of the act of February 27th, 1873, (Acts 1873, p. 151,) regulating the sale of intoxicating liquors, etc., in so far as it gave a right of action to any one injured in person or property by an intoxicated person, against the person causing the intoxication, was constitutional.

SAME.—*License.*—A person licensed under the provisions of such act took his license subject to all the restrictions and burdens imposed by such section.

BILL OF EXCEPTIONS.—*Practice.*—*Supreme Court.*—A bill of exceptions filed after the expiration of the time granted therefor forms no part of the record on appeal to the Supreme Court.

From the Jefferson Circuit Court.

*J. R. Cravens* and *E. G. Leland,* for appellants.

WORDEN, J.—This was an action by the appellee, Elizabeth Wendell, against the appellants, under the 12th section of the liquor law of 1873. Acts 1873, p. 151.

The substance of the case made by the complaint was, that the defendants, by selling intoxicating liquor to one Isaac Richardson, caused his intoxication, and that the latter, while thus intoxicated, injured the plaintiff in her person and property, setting out the injury.

Demurrer to the complaint for want of sufficient facts overruled, and exception. Trial by jury, verdict and judgment for the plaintiff, over a motion for a new trial.

The appellant insists that the section of the statute on which the action is based is invalid, and urges several reasons therefor which need not be noticed in detail. We are not aware of any provision in either the federal or state constitution that is violated by the section in question, at least so far as it gives the right of action in such case as that presented.

It was said by this court, in the case of *Churchman* v. *Martin,* 54 Ind. 380-383 : " When, therefore, an act of the General Assembly is passed, which violates no provision of the federal or state constitution, the judicial depart-

ment can not hold it to be void on the ground that it is wrong, or unjust, or violates the spirit of our institutions, or impairs natural rights." The validity of the section, in respect to the matter embraced in this action, has been, in several instances, recognized by this court. *Barnaby* v. *Wood*, 50 Ind. 405; *English* v. *Beard*, 51 Ind. 489; *Krach* v. *Heilman*, 53 Ind. 517; *Collier* v. *Early*, 54 Ind. 559; *Koerner* v. *Oberly*, 56 Ind. 284.

It is argued, that, as the permit provided for by the act vests the person holding it with the right to sell intoxicating liquors, and as section 12 impairs this right and so interferes with it as to limit its enjoyment, it can not be enforced. But it must be remembered, that a person who took a permit under the law took it clogged with whatever burdens or responsibilities were imposed by the law. *Black* v. *Merrill*, 51 Ind. 32.

We are of opinion that no error was committed in overruling the demurrer to the complaint.

No question is before us, arising on the motion for a new trial. The court, on the 16th day of May, 1874, overruled the motion for a new trial, and gave sixty days in which to file a bill of exceptions, but the bill was not filed until the 18th day of July, 1874. This was too late.

The judgment below is affirmed, with costs.