Filed March 27, 1888.

No. 12,995.

THE STATE, EX REL. HUDSPETH, *v.* COOPER ET AL.

INTOXICATING LIQUOR.—*Damages Resulting from Unlawful Sale.—Action for.*—*Repeal of Statute.*—In so far as section 10 of the act of March 17th, 1875, regulating the sale of intoxicating liquors, defined and prescribed the punishment for a public offence, it was repealed by implication by section 186 of the act of April 14th, 1881 (section 2093, R. S. 1881);

The State, *ex rel.* Hudspeth, *v.* Cooper *et al.*

but with respect to the cause of action given by section 5323, R. S. 1881, to any person injured or damaged in person, property or means of support, on account of the use of intoxicating liquor sold in violation of such section 10, the latter section is in full force as a necessary part of section 5323.

From the Knox Circuit Court.

*W. A. Cullop, G. W. Shaw, C. B. Kessinger* and *W. M. Land,* for appellant.

*J. E. McCullough, J. H. Miller, G. G. Reily* and *W. C. Niblack,* for appellees.

Howk, J.—This suit was commenced in the name of the State, *ex rel.* Emily Hudspeth, as plaintiff, against appellees as defendants, in the Gibson Circuit Court. After the venue of the cause had been changed to the court below, appellees, having withdrawn, with leave of the court, their answers herein, demurred to the complaint of the relatrix upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the court, and to this ruling the relatrix excepted. She declined to amend or plead further, and the court then adjudged that she take nothing by her suit, and that appellees recover of her their costs expended herein.

From such judgment the relatrix has appealed to this court, and has here assigned as error the sustaining of appellees' demurrer to her complaint herein.

In her complaint, appellant's relatrix alleged that appellee Lewis Cooper, on the 4th day of September, 1883, obtained from the board of commissioners of Gibson county the grant of a license, for one year, to sell intoxicating liquors in a less quantity than a quart at a time to be drank upon his premises, particularly described, in the town of Patoka, in Gibson county, Indiana; that, in pursuance of such grant, appellee Cooper. paid the requisite fee to the treasurer of Gibson county, and filed with the auditor of such county his bond as required by the statute, with his co-appellees, Morlock and Boerk, as his sureties therein, in the sum of two

thousand dollars, and conditioned as required by the statute, a copy of which bond was filed with and made part of such complaint; that, thereupon, appellee Cooper received from said auditor a license in pursuance of said grant, and entered upon the sale of intoxicating liquors in said premises, and continued said business for the term of one year.

And relatrix alleged that, during the year aforesaid, she was the wife of one William W. Hudspeth, and depended upon him for a support; that said William was an able-bodied man, a mechanic, and capable of earning two dollars per day, and, when sober, was industrious and frugal, and, during said year, earned two dollars per day, which sums were faithfully applied to the support of relatrix, except when said William was made drunk by appellee Cooper, as hereinafter stated; but that said William was in the habit of becoming intoxicated, when he squandered his means, neglected his labor and failed to provide for the relatrix, to her great damage; that, on the —— day of January, 1884, appellant's relatrix being then and there a citizen of said White River township, where appellee Cooper then resided, served a written notice on said Cooper, notifying him that said William, her husband, was in the habit of becoming intoxicated, and requesting said Cooper not to let him have any more intoxicating liquor; but that said Cooper, regardless of said notice, continued to let said William have intoxicating liquor after said notice and during said year, so that said William frequently became intoxicated, and so remained for days and weeks at a time, spending his means with said Cooper, neglecting his occupation and to earn anything for the support of the relatrix, and becoming sick and helpless; whereby the relatrix was greatly injured in her means of support and compelled to labor for her own support, and for the care and nursing of said William, and she was greatly injured in her person. Wherefore, etc.

It is clearly shown by the allegations of this complaint that the relatrix intended and attempted to state a cause of

action therein under the provisions of section 20 of "An act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," etc., approved March 17th, 1875.

That section reads as follows: "Every person who shall sell, barter, or give away any intoxicating liquors, in violation of any of the provisions of this act, shall be personally liable, and also liable on his bond filed in the auditor's office, as required by section four of this act, to any person who shall sustain any injury or damage to his person or property or means of support on account of the use of such intoxicating liquors, so sold as aforesaid, to be enforced by appropriate action in any court of competent jurisdiction." This section has never been repealed, either expressly or impliedly, and is known as section 5323, R. S. 1881.

Section 10 of the aforesaid act of March 17th, 1875, reads as follows: "Every person who shall directly or indirectly sell, barter, or give away any intoxicating, spiritous, vinous or malt liquors to any person who is in the habit of being intoxicated, after notice shall have been given him in writing by the wife, child, parent, brother or sister of such person, or by the trustee of the township where he resides, that such person is in the habit of being intoxicated, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than ten nor more than fifty dollars." This section 10 was not brought into the Revised Statutes of 1881, as were the other sections of the aforesaid act of March 17th, 1875, although it has never been expressly repealed. We learn from the briefs of counsel, however, as well of the relatrix as of the appellees, that the demurrer to the complaint herein was sustained by the learned court below upon the ground that said section 10, above quoted, was repealed by implication by the provisions of section 2093, R. S. 1881, in force since September 19th, 1881.

In section 2093 it is provided as follows: "Whoever, directly or indirectly, sells, barters, or gives away any spirit-

·ous, vinous, malt, or other intoxicating liquor to any person who is in the habit of being intoxicated, after notice shall have been given him, in writing, by any citizen of the township or ward wherein such person resides, that such person is in the habit of being intoxicated, shall be fined not more than one hundred dollars nor less than fifty dollars, to which may be added imprisonment in the county jail not more than one year nor less than thirty days, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

This section is section 186 of an act entitled "An act concerning public offences and their punishment," approved April 14th, 1881. Acts of 1881, p. 215. It will be observed that this latter section, 2093, covers the entire subject-matter of section 10, above quoted, of the aforesaid act of March 17th, 1875, greatly enlarges the number of persons who may give the notice in writing mentioned in the section, doubles the maximum fine, and quintuples the minimum fine that might be imposed on the person convicted of the offence, and adds new penalties to those prescribed in such section 10 of the older statute, to wit, imprisonment in the county jail for not more than one year nor less than thirty days, and disfranchisement and incapacity to hold any office of trust or profit for any determinate period. In so far, therefore, as section 10, *supra,* of the act of March 17th, 1875, defined the public offence or misdemeanor therein mentioned, and prescribed the punishment thereof, it is no doubt true that such section 10 is so far superseded and repealed by implication by the provisions of the later section, 2093, above quoted, that if it were sought to subject an offender to a criminal prosecution for the unlawful sale, barter or giving away of any intoxicating liquor to any person who is in the habit of being intoxicated, the notice in writing must be given, and the prosecution must be begun and waged, and, upon conviction, the punishment must be assessed, under and in conformity with the requirements of such section 2093,

The State, *ex rel.* Hudspeth, *v.* Cooper *et al.*

and not of section 10 of the older statute. This is settled by many of our decisions. *Wagoner* v. *State*, 90 Ind. 504; *Engle* v. *State*, 97 Ind. 122; *State, ex rel.*, v. *Board, etc.*, 104 Ind. 123; *Phillips* v. *Lewis*, 109 Ind. 62; *State* v. *Wells*, 112 Ind. 237.

But the case under consideration is not a criminal prosecution. It is a civil action, brought by plaintiff's relatrix, the wife of the man "who is in the habit of being intoxicated," against the defendant Cooper, a licensed seller of intoxicating liquors in a less quantity than a quart at a time to be drank upon his premises, to recover damages for alleged injuries to her person and her means of support, resulting from his continued sales of intoxicating liquors to her husband after she had notified him in writing of her husband's habit of being intoxicated. The suit of the relatrix is upon the bond which Cooper and his co-defendants, as his sureties, under the provisions of section 5315, R. S. 1881, being section 4 of the aforesaid act of March 17th, 1875, and still in full force, were required to give to the State of Indiana in the sum of $2,000, before defendant Cooper could be granted a license to sell intoxicating liquors. This bond was conditioned, *inter alia*, "for the payment of all judgments for civil damages growing out of unlawful sales as provided in this act." Section 5323, above quoted, renders the person who shall sell, barter or give away any intoxicating liquor, "in violation of any of the provisions of this act," personally liable, and also liable on his bond, given as required by section 5315, *supra*, to any person who shall sustain any injury or damage to his person or property, or means of support, on account of the use of such intoxicating liquors, so sold as aforesaid.

Conceding now that section 10, above quoted, of the aforesaid act of March 17th, 1875, in so far as it provided for the punishment, in a criminal prosecution, upon conviction, of any person for the commission of the public offence or mis-

demeanor defined in such section, is repealed by necessary implication by the provisions of section 2093, this question remains for decision, namely: What effect does such repeal have, if any, upon the civil action given by section 5323 to any person injured or damaged in person or property, or means of support, by or on account of the use of such intoxicating liquors sold in violation of the provisions of such section 10?

In the consideration and decision of this question, it may be remarked, *in limine,* that repeals by implication are not favored by the courts, and when they occur the old law will be superseded thereby to the extent, and only to the extent, that the later statute is in absolute and irreconcilable conflict therewith. *Haas* v. *Shaw,* 91 Ind. 384; *Frazer* v. *Clifford,* 94 Ind. 482; *Mathes* v. *Shank,* 94 Ind. 501. With this rule in mind, we come to the consideration of the aforesaid act of March 17th, 1875. The act as it was passed and approved not only defined certain misdemeanors or public offences, growing out of or connected with the sale of intoxicating liquors, or resulting from the use thereof, and prescribed penalties or punishment for such offences and misdemeanors, but it also provided that every person who should sell, etc., any intoxicating liquors in violation of any of the provisions of such act, should be liable personally, and also on his bond, to any person who should sustain any injury or damage to their person or property, or means of support, on account of the use of such intoxicating liquors, so sold in violation of the provisions of such act, to be enforced by an appropriate civil action in any court of competent jurisdiction. Here, then, is a statute which was intended to and did, at the time of its enactment, subserve a two-fold purpose. It defined certain public offences or misdemeanors, connected with the sale of intoxicating liquors, and prescribed penalties or punishment therefor. It also provided that if any person was injured or damaged in person, property or means of support, on account of the use of intoxicat-

ing liquors sold in violation of any of the provisions of such statute, he or she might maintain a civil action against the person making such sale, for the recovery of damages, in any court of competent jurisdiction. In so far as section 10 of this statute defined a public offence and prescribed the punishment thereof by a criminal prosecution thereof, the section was repealed by necessary implication, as we have seen, by the provisions of section 186 of the above entitled act of April 14th, 1881, being section 2093, *supra*. But in so far as section 5323 gives a cause of action to any person injured or damaged in person, property or means of support, on account of the use of intoxicating liquor sold in violation of any of the provisions of such section 10 of the aforesaid act of March 17th, 1875, it must be held, we think, that such section 10 has not been repealed by necessary implication, by reason of any provision of any later law, but remains in full force as a necessary part of such section 5323, *supra*. We are of opinion that such section 10 is so far embodied in, or interwoven with, or, by reference thereto or to violations thereof, made a necessary part of, the aforesaid section 5323, above quoted, in connection with the civil action therein provided for, that it remains in force and will continue so to do, precisely as it was enacted, as a constituent part and for the purposes only of such civil action, so long as such section 5323 continues in force and is not repealed or superseded by subsequent legislation.

Our conclusion is, that the court below erred in sustaining defendants' demurrer to the complaint of the relatrix herein.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint and for further proceedings, etc.

Filed March 6, 1888.