Mulcahey v. Givens.

No. 13,860.

MULCAHEY v. GIVENS.

INTOXICATING LIQUOR.—*Act of 1875.*—*Sale to Intoxicated Person.*—*Damages.*—*Civil Action.*—*Right to Maintain.*—The right to prosecute a civil action under sections 15 and 20 of the act of 1875 (1 R. S. 1876, p. 869), to recover damages sustained by the sale of alcoholic liquors to a person in a state of intoxication, is not affected by section 2092, R. S. 1881, subsequently enacted.

SAME.—*Proximate Cause of Injury.*—Where intoxicating liquor is sold to a person at the time intoxicated, who, by reason of the effect thereof, becomes unable to manage the horses drawing himself and wife homeward, but refuses to relinquish the reins to his wife, whereby the vehicle in which they are riding is overturned, and both are injured, the sale of the liquor is such a proximate cause of the injuries as entitles the wife to maintain an action under the act of 1875 for damages.

SAME.—*Action Against Vender Personally.*— *Bond.*—An action against a licensed vender under the act of 1875 for damages resulting from the sale of intoxicating liquor to an intoxicated person, may be maintained either against the vender personally or upon his bond.

From the Newton Circuit Court.

*E. P. Hammond, W. H. H. Graham* and *D. L. Bishop,* for appellant.

*S. P. Thompson,* for appellee.

NIBLACK, C. J.—This action was brought by Winifred Mulcahey against James F. Givens, under sections fifteen (15) and twenty (20) of the act of 1875, regulating the sale of intoxicating liquors.    1 R. S. 1876, p. 869.    The complaint is in two paragraphs.

It is alleged in both paragraphs that, since the 25th day of December, 1882, the plaintiff has been the wife of one Michael Mulcahey, upon whose labor and industry she was wholly dependent for her support and maintenance prior and up to the happening of the grievances for which this action is prosecuted; that, on the 28th day of January, 1886, the plaintiff and her said husband came to the town of Rensse-

laer from their home in the country, a distance of six miles, in a sleigh drawn by two horses, which were driven by her husband; that while in said town of Rensselaer on that day, the said Givens, who was a licensed vendor of intoxicating liquors therein, unlawfully sold to the said Michael Mulcahey, who was at the time in a state of intoxication, and known to be in that condition by him, the said Givens, six drinks of intoxicating liquors, for the price of ten cents for each drink, which liquors he, the said Michael, then and there drank; that immediately thereafter the plaintiff and the said Michael started home in the sleigh in which they had come; that from the effects of said intoxicating liquors so sold to and drank by him, the said Michael became extremely intoxicated and unable to control or manage the horses attached to such sleigh; that he nevertheless persisted in attempting to drive said horses, and would not permit the plaintiff to drive them; that by reason of such extreme intoxication, and of his incapacity resulting therefrom to control and manage said horses, the said Michael suffered, caused and permitted the horses to upset the sleigh.

It is averred in the first paragraph that, in the upsetting of the sleigh, the plaintiff was violently thrown to the ground and that the sleigh was thrown heavily upon her, whereby she was badly bruised, wounded and injured, to her great damage.

The second paragraph averred that, by the upsetting of the sleigh, the said Michael was also thrown violently to the ground and that the sleigh fell upon him with great force, whereby he was wounded, maimed and paralyzed so that he has ever since been wholly unable to perform any labor whatever and has become permanently disabled; that the plaintiff has thereby been greatly injured in her means of support.

A demurrer was sustained to both paragraphs of the complaint and the defendant had final judgment upon demurrer.

While the record discloses nothing as to the ground upon

which the demurrer was sustained, it has been conceded in argument that it was upon the theory that sections fifteen (15) and twenty (20) of the act of 1875 were, so far as they might have had an application to the facts of this case, impliedly repealed by section 2092, R. S. 1881, and that hence there was, at the time this action was commenced, no law in force authorizing the prosecution of a civil action for the alleged injuries resulting from the unlawful conduct of Givens.

Sections 15 and 20 are respectively as follows: "Section 15. Any person, who shall sell, barter, or give away any spiritous, vinous or malt liquors to any person at the time in a state of intoxication, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than ten nor more than fifty dollars."

"Section 20. Every person who shall sell, barter, or give away any intoxicating liquors, in violation of any of the provisions of this act, shall be personally liable, and also liable on his bond filed in the auditor's office, as required by section 4 of this act, to any person who shall sustain any injury or damages to his person or property or means of support, on account of the use of such intoxicating liquors, so sold as aforesaid, to be enforced by appropriate action in any court of competent jurisdiction." R. S. 1881, section 5323.

Section 2092, R. S. 1881, which came into force on the 19th day of September, 1881, is in these words: "Whoever sells, barters, or gives away any spiritous, vinous, malt, or other intoxicating liquor to any person at the time in a state of intoxication, knowing him to be in a state of intoxication, shall be fined not more than one hundred dollars nor less than ten dollars, to which may be added imprisonment in the county jail not more than one year nor less than thirty days, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

As applicable to the facts relied on for a recovery in this action, section 20 ought to be construed as if it read, "Every

person who shall barter or give away any spiritous, vinous or malt liquors to any person at the time in a state of intoxication, shall be personally liable, and also liable on his bond * * * * to any person who shall sustain any injury or damage to his person or property, or means of support, on account of the use of such intoxicating liquors."

As thus construed, the right to prosecute a civil action under that section for the sale of alcoholic liquors to a person in a state of intoxication, was neither abridged nor taken away by the subsequent enactment of section 2092, above set out.

There is no inconsistency between so much of section 15 as constructively entered into, and became a part of, section 20, as above stated, and section 2092, and hence that part of section 15 still continues in force in support of a civil action for a violation of its provisions and any consequent injury which may ensue therefrom. This conclusion is fully sustained by the recent case of *State, ex rel.,* v. *Cooper,* 114 Ind. 12. See, also, Bishop on the Written Laws, section 181; *Alexander* v. *State,* 9 Ind. 337; *Martindale* v. *Martindale,* 10 Ind. 566; *Cordell* v. *State,* 22 Ind. 1; *State* v. *Miller,* 58 Ind. 399; *Gorley* v. *Sewell,* 77 Ind. 316; *Capron* v. *Strout,* 11 Nev. 304; *Commonwealth* v. *Kendall,* 144 Mass. 357; *Fullerton* v. *Spring,* 3 Wis. 667; *Randolph* v. *Larned,* 27 N. J. Eq. 557.

The additional point is made that the sale of the intoxicating liquors to the plaintiff's husband was not, within the proper meaning of that term, the proximate cause of the injuries of which she complains; that such injuries could not reasonably have been anticipated by Givens when he sold the liquors as charged, and the cases of *Krach* v. *Heilman,* 53 Ind. 517, *Collier* v. *Early,* 54 Ind. 559, and *Backes* v. *Dant,* 55 Ind. 181, are cited as supporting that view of the doctrine of proximate cause in cases of the class to which this belongs.

These cases do lend support to this additional point made

against the sufficiency of the complaint, but they arose and
were decided under an older, and, in some respects, a different
and more exceptional, statute than the one now before us.
They were, nevertheless, held to be against the weight of
authority, and not binding as precedents in similar cases
brought under the act of 1875, in the later case of *Dunlap* v.
*Wagner*, 85 Ind. 529 (44 Am. R. 42), and we still adhere to
that interpretation of those cases. In so far as they are incon-
sistent in principle with the case of *Dunlap* v. *Wagner*, *su-
pra*, they must be regarded as having been overruled.

As the facts are stated in this last named case, a stronger
and more direct case was seemingly made against Wagner
than the complaint does in this case against Givens, but the
conclusions reached, and the general principles recognized in
that case, sustain the sufficiency of the complaint in this, as
regards the proximate cause of the injuries sued for, and we
are content to rest this case in the respect stated upon the
conclusions and general principles there announced.

The further point is made that an action like the one at
bar, when prosecuted against a licensed vender of intoxicat-
ing liquors, must be upon the bond given by him under sec-
tion four (4) of the act of 1875, and that, consequently, an
action will not lie against him alone for a violation of any
of the provisions of that act. This point has the merit of
plausibility, but we see no sufficient ground upon which it
can be sustained. Section 20 authorizes an action in gen-
eral terms against the vender personally as well as upon
his bond, thus fairly implying that the plaintiff has an
option either to sue the vender alone, or to sue him and his
sureties together on his bond. This view is impliedly sup-
ported by the case of *Kane* v. *State, ex rel.*, 78 Ind. 103, and
is, as we believe, in accordance with the legislative intention
on the subject.

The judgment is reversed, with costs, and the cause re-
manded for further proceedings.

Filed June 22, 1888.