No. 13,904.

## BEEM v. CHESTNUT.

INTOXICATING LIQUORS.—*Unlawful Sale.*—*Civil Liability.*—Under section 5323, R. S. 1881, one who sells intoxicating liquors to another in violation of the liquor law, is liable personally, as well as upon his bond, to any one who has thereby sustained damage to person, property or means of support.

SAME.—*Sale to Intoxicated Person.*—*Damages to Wife by Being Driven from Home.*—One who sells liquors to an intoxicated person, knowing his condition, is liable under section 5323, R. S. 1881, for damages sustained by the wife of the vendee by being driven from home into the cold by her husband, while crazed by the effect of the liquors so sold, whereby she is made sick and suffers pain, loss of time, and expense in being cured.

SAME.—*Character of Action.*—*Contributory Negligence.*—*Complaint.*—The action in such case is not predicated upon the negligence of the defendant, but upon an aggressive wrong, and the plaintiff is not required to aver that she was free from fault contributing to the injury sustained.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn*, for appellant.

MITCHELL, J.—This was an action by Fannie Chestnut against Richard E. Beem to recover damages alleged to have been sustained to her person, property and means of support, on account of the use by her husband, Haningan Chestnut, of intoxicating liquors unlawfully sold to him by the defendant.

It is averred that the defendant unlawfully sold intoxicat-

.ing liquors to the plaintiff's husband, while he was in a state of intoxication, knowing his condition at the time, whereby the latter became crazed and incapacitated for business, and spent and squandered his own and plaintiff's money, thereby causing the plaintiff to sustain damage to her property and means of support.

In an additional paragraph it is further averred that the plaintiff's husband, by reason of the intoxication so unlawfully produced, became crazed, and while in that condition drove her from her home, while thinly clad, into the cold, whereby she was made sick, and was damaged thus by suffering pain and loss of time, and in expenses incurred in being restored to health.

The only question presented involves the propriety of the ruling of the court in overruling the demurrer to the complaint.

The action was against the defendant personally under section 5323, R. S. 1881. That this section authorizes an action in general terms against one who sells intoxicating liquors in violation of the provisions of the liquor law, personally as well as upon his bond, has been definitely settled by recent decisions of this court. *Dunlap* v. *Wagner*, 85 Ind. 529; *Mulcahey* v. *Givens*, 115 Ind. 286; *State, ex rel.,* v. *Cooper*, 114 Ind. 12.

It is said, however, that because the main element of damages was predicated upon the cruel treatment which the plaintiff suffered at the hands of her husband, and the impairment of health resulting therefrom, it became necessary to aver that she was free from fault contributing thereto, and that such averment being absent from the complaint made it bad. This view is not sustained.

This was not an action based upon the mere negligence or non-feasance of the defendant, in failing to do that which the law required of him, or made it his duty to do, but upon an actual aggressive wrong, constituting the violation of a positive law, in knowingly selling intoxicating liquors to the

plaintiff's husband while he was in a state of intoxication. *Pennsylvania Co.* v. *Sinclair*, 62 Ind. 301.

Where one merely neglects a duty which the law imposes upon him, his act may be one of mere neglect or non-feasance, but where, in violation of a positive statute, he does an act to the injury of a third person, he thereby invades the rights of the other, and his act is one of actual aggressive wrong. The rule applicable in cases of assault, or assault and battery, govern in such cases.

The statute regulating the sale of intoxicating liquors stands as a guaranty that no one shall knowingly sell, barter, or give away intoxicating liquors in violation of its provisions, so as to inflict damage upon the person or property or means of support of another. Every citizen of the State has a right to the security which the observance of this law affords, and a violation of the law resulting in injury is an unlawful invasion of the rights of the person injured.

" When the wrong-doing of the defendant is merely negligence, the contributory negligence of the plaintiff may, as is well understood, operate as a defence," but when the defendant does that which amounts to an unlawful invasion of the plaintiff's right of personal security or of private property, the doctrine of contributory negligence has no application. *Chicago, etc., R. R. Co.* v. *Bills*, 118 Ind. 221; *Town of Salem* v. *Goller*, 76 Ind. 291; *Steinmetz* v. *Kelly*, 72 Ind. 442; Beach Contrib. Neg., section 22.

If the expulsion of the plaintiff from her home into the cold was a direct consequence of the defendant's unlawful act, he was civilly liable for the resulting damages to the same extent as if he had expelled her with his own hands. One who in violation of law sets in motion a dangerous, uncontrolled force, must take notice of the consequences that are liable to follow, and be ready to answer under the statute for any damages to the person or property of those who are within its protection. *Dunlap* v. *Wagner, supra*, and cases cited.

In the language of the court in *Schroder* v. *Crawford*, 94 Ill. 357, " The statute was designed for a practical end, to give a substantial remedy, and should be allowed to have effect according to its natural and obvious meaning."

There was no error in the ruling of the court.

Judgment affirmed, with costs.

