Wall *et al. v.* The State, *ex rel.* Kendall *et al.*

No. 1,001.

WALL ET AL. *v.* THE STATE, EX REL. KENDALL ET AL.

PLEADING.—*Complaint.—Damages.— Death of Husband.—Intoxication.—Proximate Cause.—Sales to, while in a State of Intoxication.*—In an action by the wife and children of the husband and father, for damages caused by his death brought about by intoxication because of illegal sales to him of intoxicating liquor, the complaint sufficiently shows that the intoxication therein alleged was the proximate cause of the death of the decedent, which alleges (after charging that the defendant sold to the deceased nine pints of intoxicating liquor, to wit, beer, while the decedent was in a state of intoxication, and knowing him to be intoxicated) that by reason of the drinking of said beer so unlawfully sold to the decedent, the decedent became extremely drunk, intoxicated, unconscious of his condition and surroundings, and utterly incapacitated for traveling, or driving or managing a team of horses, all of which facts the defendant then and there knew; but, notwithstanding such facts, the defendant, well knowing that the deceased was liable to receive fatal injuries in so driving, allowed him, after dark in the night time, and while in such intoxicated condition, to get into a wagon and attempt to drive a team of horses, hitched thereto, to decedent's home; that by reason of his extremely drunken and incapacitated condition, so brought about by the defendant, the decedent drove and ran his team and wagon suddenly and violently, while driving at a reckless and immoderate speed, into a rut in the public highway, thereby precipitating and throwing himself from the wagon in a violent manner, and the wagon was thereby caused to run upon and over him, crushing, bruising and mortally wounding him, from which injuries he died within a few hours thereafter.

PARTIES.—*Wife and Children.—Death of Husband and Father.—Intoxication.—Illegal Sales of Intoxicating Liquor.*—Where damages to the wife and children of the deceased husband and father were brought about by intoxication caused by illegal sales to him of intoxicating liquor, they may join in an action therefor in the name of the State, as relators.

VERDICT.—*Sufficiency of Evidence.*—That the evidence is sufficient to sustain the verdict, see opinion.

INSTRUCTIONS TO JURY.—*Giving, by Mistake, Instruction Marked Refused.— Oral Statement.*—Where the judge, by mistake, read to the jury an instruction which he had marked refused, and on discovering his mistake, he said to the jury, orally, that he had read the instruction by mistake and they should not consider it,—the oral

statement did not bear upon any question of law or fact in issue, and can not be treated as a part of the instruction.

From the Vigo Circuit Court.

*S. C. Davis* and *J. S. Bays,* for appellants.

*J. E. Lamb, J. T. Beasley, J. Jump, J. C. Davis, A. G. Smith,* Attorney General, and *A. B. Williams,* for appellees.

DAVIS, J.—This was an action commenced in the name of the State of Indiana upon the relation of the widow and children of Ralph A. Kendall, deceased, against the appellant Wall as principal, and his co-defendants, as sureties on the bond of said Wall, as a retailer of intoxicating liquors.

The separate demurrers of the several appellants to the complaint were overruled, and appellants answered the complaint by a general denial. On trial by a jury a verdict was returned against appellants for $2,000; appellants' motion for a new trial was overruled and judgment was rendered on the verdict.

The appellants, separately and severally, assign the following errors:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The circuit court erred in overruling appellants' separate and several demurrers to the complaint.

3. The court erred in overruling the appellants' motion for a new trial.

The first question discussed relates to the sufficiency of the complaint. The point urged by counsel for appellants is, "that the complaint does not show that the intoxication therein alleged was the proximate cause of the death of the decedent Kendall."

In this view counsel are, in our opinion, in error. The complaint, after formally charging that appellant

sold to the deceased Kendall nine pints of intoxicating liquor, to wit: beer, while said Kendall was in a state of intoxication, and said Wall at the time knowing him to be intoxicated, continues and says: "That by reason of the drinking of the said beer, so unlawfully bartered and sold to him, the said Kendall became extremely drunk, intoxicated, unconscious of his condition and surroundings, and utterly incapacitated for traveling or driving or managing a team of horses, all of which facts the said defendant Wall then and there knew; that notwithstanding all such facts, the said defendant Wall, well knowing that the said Kendall was liable to receive fatal injuries in so driving, allowed him, said Kendall, after dark and in the night time, and while in such intoxicated, helpless and incapacitated condition, to get in a road wagon and attempt to drive a team of horses hitched thereto, from said town of Farmersburg to his, said Kendall's, home; that by reason of his extremely drunken, intoxicated, senseless and incapacitated condition, so produced and brought about by said defendant Wall, the said Kendall drove and ran his team and wagon suddenly and violently, while driving at a reckless and immoderate speed, into a rut in a public highway, thereby precipitating and throwing himself from said wagon to the ground in a violent manner, and the said wagon was thereby caused to run upon and over, and crush, bruise and mortally wound the person and body of said Kendall, from which injuries, so received, he died within a few hours thereafter."

It thus appears that it is specifically and directly averred in the complaint that the defendant Wall unlawfully sold and bartered to the deceased Kendall nine pints of beer, while he, said Kendall, was in a state of intoxication, and the defendant Wall at the time knowing Kendall to be so intoxicated; and that the intoxica-

tion thus produced and brought about by the defendant Wall was a direct and proximate cause of Kendall's death. *Beem* v. *Chestnut*, 120 Ind. 390; *Mulcahey* v. *Givens*, 115 Ind. 286; *Dunlap* v. *Wagner*, 85 Ind. 529.

Counsel next contend that the relators can not join in an action on the bond; that the personal representative of the deceased Kendall should have brought the action.

In support of the second proposition counsel rely on section 284, R. S. 1881; section 285, R. S. 1894. This section relates to actions brought directly against the wrongdoer for causing the death of a party, if the decedent might have maintained an action for the same act or omission had he lived, and has no reference to actions which may be brought under section 5323, R. S. 1881; section 7288, R. S. 1894. Under the section last cited the action can be brought just as well in the lifetime of the husband or father, where the unlawful sales of liquor to him cause him to neglect his duty to support his wife or children, as after his death. In other words, whatever damages the wife and children may sustain on account of the unlawful sales of intoxicating liquors to the husband and father, may be recovered by them under this statute while he is living.

As to the first proposition it should be borne in mind that the bond in suit was executed in conformity to section 5315, R. S. 1881; section 7279, R. S. 1894. The statute also provides that actions upon bonds payable to the State shall be brought in the name of the State of Indiana upon the relation of the party interested. Section 253, R. S. 1881; section 253, R. S. 1894. See, also, sections 262 and 568, R. S. 1881, and sections 263 and 577, R. S. 1894. It is alleged in the complaint that his said children, relators herein, at the date of his death were all infants of tender years and incapable of earning a living for themselves, and said children and his wife were

at said decedent's death all dependent upon him for a support and living; that he was able bodied, in good health, and capable of earning a living for his family. It is clear, under the statute, that "any person who shall sustain any injury or damage" on account of the violation of any of the provisions of the act in relation to the sale of intoxicating liquors by retail, may maintain such action. Section 5323, *supra.* The entire liability on the bond is limited to two thousand dollars. Section 5315, *supra.* We are, therefore, not able to see any reason why all the persons interested in recovering damages growing out of one and the same unlawful act should not join as relators in an action in the name of the State on the bond. It is perhaps true that each person interested might act as a relator in the institution of separate actions, but the recovery on the bond in all of them could not in any event exceed two thousand dollars. The policy of the law, however, should be to encourage the adjudication of the entire liability in one action where it can be done without prejudice to the rights of any one. This statute is not identical with the statutes in relation to actions on the bonds of guardians and administrators, but we believe the reasoning of Judge Woods in the decision in *Moody* v. *State, ex rel.*, 84 Ind. 433 supports the conclusion we have reached on this branch of the case. See, also, *Moore* v. *Jackson,* 35 Ind. 360; *Jackson* v. *Rounds,* 59 Ind. 116; *Swales* v. *Grubbs,* 6 Ind. App. 477; *Ætna Life Ins. Co.* v. *Finch,* 84 Ind. 301; *Helmuth* v. *Bell,* 150 Ill. 263, 37 N. Rep. 230.

The next error discussed is the overruling of the motion for a new trial. This motion embraced twenty-four reasons. It is insisted that the evidence shows that the deceased was not intoxicated when he started home on the evening he received the injury that caused his death. It will suffice to say there is evidence in the record tend-

ing to prove that he was intoxicated when the liquor was sold to him and when he started home. Counsel also contend the evidence shows that a defect in the highway was the proximate cause of the injury. We have read the evidence and can not agree with the views of counsel as to the only inference to be drawn therefrom. There was in our opinion evidence sufficient to support every point in issue necessary to sustain the verdict. We would not be justified in reversing the judgment on the evidence. We have read the instructions given, and refused, in the light of the argument of counsel, and when the instructions are considered together as an entirety, they, in our opinion, fairly and correctly state the law applicable to the case. There is no reversible error pointed out in the failure to give any of the instructions which were refused. *City of Lafayette* v. *Ashby*, 8 Ind. App. 214.

In reading the instructions to the jury the judge read one by mistake which he had marked refused. He then said to the jury orally that he had read the instruction by mistake and they should not consider it. Counsel insist that the court erred in making this statement orally. The statement made by the court did not bear upon any question of law or fact involved in the issue, and should not be taken or treated as a part of the instruction. *Ohio, etc., R. W. Co.* v. *Stansberry*, 132 Ind. 583; *Bradway* v. *Waddell*, 95 Ind. 170; *McCallister* v. *Mount*, 73 Ind. 559.

Several reasons in the motion for a new trial have been waived by the failure to discuss them. The 18th, 19th, 20th, 21st, 22d, 23d and 24th reasons for a new trial go to the rulings of the court in not permitting the appellants to prove the experiences of others at the point in the highway where Kendall received his injury. The *Cleveland, etc., R. W. Co.* v. *Wynant*, 114 Ind. 525. The

opinion just cited, written by Judge MITCHELL, is decisive of this question against appellants.

Judgment affirmed.

Filed September 20, 1894.