Lotz, J.
The Board of Commissioners of Huntington county granted a license to the appellant Louis Gauss to retail intoxicating liquors on certain described premises in the town of Andrews, in said county. Gauss executed a bond in the penal sum of $2,000, with himself as principal and the appellants Wendel A. Schneur and Jacob Boos as his sureties, which was approved by the auditor of said county.
The conditions of the bond were that he would keep an orderly and peaceable house, and that he would pay all fines and costs that might be assessed against him for any violations of the law, and for the payment of all judgments for civil damages growing out of unlawful sales, as provided by section 7279, R. S. 1894.
On the night of the 13th day of September, 1890, one Alfred S. Sliney, a young man about seventeen and one-half years old, was drowned in the Wabash river. This action was brought by the State on the relation of Joseph Sliney, the father of said Alfred, to recover for the loss of his services. The bond above described is made the foundation of the action, and the breach alleged is that Gauss, through his servant and employe, unlawfully sold intoxicating liquors to the said Alfred S. Sliney and suffered and permitted him to drink the same, and that in consequence thereof he became intoxicated and fell into the river and was drowned.
There was a trial by jury and a special verdict returned on which the court -rendered judgment in favor of the appellee in the sum of $670.
The first error assigned is the overruling of the demur *259 rer to the complaint. The only objection urged against the complaint is that it does not appear that the sale of the liquor was the proximate cause of the death of Alfred S. Sliney.
It is averred in the complaint that an employe, agent and representative of Gauss, unlawfully sold to said minor son intoxicating liquors, and furnished him with intoxicating liquors, and suffered him to drink the same until he became "intoxicated, crazed, and helpless bodily and mentally, and that while in this intoxicated condition he wandered about and along and into the Wabash river on his way home * * * and drowned and lost his life.”
The wrong charged against Gauss is not mere negligence or nonfeasance in failing to discharge a duty imposed upon him by law, but it consists of an actual aggressive wrong, a violation of the criminal law. He made the deceased intoxicated. He set in motion a dangerous force, and must answer for the immediate results flowing therefrom.
The case of Beem v. Chestnut, 120 Ind. 390, was an action on a retailer’s bond in which a wife averred that her husband by reason of the intoxication so unlawfully produced became crazed, and while in that condition drove her from her home, thinly clad, into the cold, whereby she was made sick, and was damaged by thus suffering pain and loss of time, and in expenses incurred in being restored to health. The court by Mitchell, J., said: "If the expulsion of the plaintiff from her home into the cold was a direct consequence of the defendant’s unlawful act, he was civilly liable for the resulting damages to the same extent as if he had expelled her with his own hands. One who in violation of law sets in motion a dangerous, uncontrolled force, must take notice of the consequences that are liable to *260 follow, and be ready to answer under the statute for any damages to the person or property of those who are within its protection.” Dunlap v. Wagner, 85 Ind. 529; Mulcahey v. Givens, 115 Ind. 286; Mitchell v. Ratts, 57 Ind. 259. The complaint is sufficient.
The next assignment of error is the overruling of the motion for a new trial. The only cause for a new trial discussed by counsel is that the verdict is not supported by the evidence. There are some facts stated in the verdict, of which there was no evidence, but as these facts are not material this affords no good reason for granting the motion. There was some evidence tending to prove the other facts found.
. Another assignment is that the court erred in discharging the jury without requiring them to find all the facts in issue, and of which evidence was given. The record shows that when the jury returned the verdict, the defendants moved the court to require the jury to return to the jury room, and to find specifically certain further facts. This motion was an oral one, and is not set out in the record, and this court has no means of knowing what facts the appellants desired the jury to find.
The appellants, Jacob Boos and Wendel A. Schneur, moved.the court to render judgment in their favor upon the special verdict. This motion was overruled, and this ruling is one of the errors assigned. If Gauss violated his bond in making the sale, his sureties were also liable on the bond. State, ex rel., v. Cooper, 114 Ind. 12; Mulcahy v. Givens, supra; Dunlap v. Wagner, supra.
If the facts found do not warrant a judgment against the defendants making the motion, it was error to overrule it. The verdict finds that the sale of the liquors was made by the clerk or employe of Gauss. The point is made that there is no finding that Gauss made the *261 sale or authorized it to be made. This presents the serious question in this case. So much of the verdict (of which there was evidence tending to support) as bears upon this question is as follows:
“We further find that the said Louis Gauss, in the conducting of said saloon, hired and employed as his servant, salesman, clerk and bartender one Frank Ross. * * * We further find that on the 13th day of September, 1890, the said Frank Ross was then and there in the employ of said Louis Gauss as clerk and bartender at said saloon in said town of Andrews, and was conducting the business of said saloon as such employe of said Louis Gauss, selling his said liquors and other articles therewith connected, and receiving the pay therefor for the use of said Louis Gauss, and so continued in his employment on said day and evening. * * * We further find that on the said evening of the 13th day of September, 1890, the said Frank Ross, at said place of business of said Louis Gauss, * * * did sell, give and barter to the said Alfred S. Sliney, intoxicating liquors, he, the said Sliney, being then and there a minor, * * * under the age of twenty-one years, without the knowledge, presence, consent or fault of the relator; the same not being administered as medicine or by the direction of any physician or person authorized or directed; and suffered the said Alfred S. Sliney to drink said liquors in said place of business * * *, and furnished to said (Sliney) intoxicating liquors, and suffered (him) * * ' * to drink the same until he became intoxicated, crazed, and helpless both bodily and mentally, until his reason was dethroned temporarily by said intoxication, so that from the effects produced thereby he wandered about and along and into the Wabash river on his way home from defendant’s place of business, and at or about the hour of midnight *262 on. said 13tli day of September, 1890, and drowned and lost his life while under the effects of said intoxicating liquors.”
Filed Dec. 12, 1894.
A special verdict must find every fact essential to support a judgment, and if any such fact be wanting, the judgment must fall. Nothing can' be supplied by intendment. The failure to find a fact in favor of the party upon whom rests the burden as to such fact is equivalent to finding such fact against him. Noblesville, Gas, etc., Co. v. Loehr, 124 Ind. 79.
There is no finding that Gauss made the sale in person, but it is not necessary to create a liability on the bond that he should have personally made the sale. There is a finding that the clerk was authorized to make sales generally and to conduct the business, and the sale made.was in the line and scope of the business. The mere fact that the act was a criminal one will not relieve the principal from liability. We think the verdict sufficient to support a judgment in favor of the appellee.
A motion for a Yenire de novo was overruled. This is one of the errors assigned. A venire de novo will only be awarded where the special verdict is ambiguous, indefinite, or wanting in form. Buscher v. City of Lafayette, 8 Ind. App. 590. There are no defects of this kind in this verdict, and there was no error in overruling the motion. It is also insisted that it was error to overrule the motion to modify the judgment. The only cause assigned for this motion is that the evidence fails to support the full amount of the judgment. This cause is properly one for a new trial. As we have said, there was some evidence tending to sustain the full amount of the recovery.
Judgment affirmed.