GREENER ET AL. v. NIEHAUS.

[No. 6,836. Filed October 5, 1909. Rehearing denied December 8, 1909.]

1. PLEADING.—*Complaint.*—*Intoxicating Liquors.*—*Unlawful Sales.* —*Damages.*—A complaint alleging that defendant saloon-keepers sold intoxicating liquor to plaintiff's husband, "while her husband was in an intoxicated condition, and known to be in said intoxicated condition by said defendants," and that while in such condition he attempted to pass up a flight of stairs and because of such intoxication he fell, sustaining fatal injuries, to her damage, sufficiently alleges that decedent was intoxicated when the sale was made. pp. 676, 677.

2. INTOXICATING LIQUORS.— *Unlawful Sales.*— *Statutes.*— Section fifteen of the act of 1875 (Acts 1875 [s. s.], p. 55), providing that any person who shall sell liquor to an intoxicated person shall be guilty of a misdemeanor, is in force so far as necessary to support a civil action under §8355 Burns 1908, §5323 R. S. 1881, providing that any person who unlawfully sells liquor shall be liable in damages therefor to any person sustaining damages because thereof. p. 676.

3. INTOXICATING LIQUORS.—*Unlawful Sales.*—*Damages.*—*Elements.* —To a recovery for damages for unlawful sales of liquor two elements must concur, (1) intoxication resulting from such sales, and (2) direct or remote loss occasioned thereby. p. 677.

4. INTOXICATING LIQUORS.—*Unlawful Sales.*—*Intoxication.*—*Knowledge.*—*Complaint.*—*Evidence.*—In order to recover against a saloon-keeper for an unlawful sale of liquor to an intoxicated person it is not necessary to allege nor prove that such saloon-keeper knew that such person was intoxicated at the time of the sale. p. 677.

5. TRIAL.—*Instructions.*—*Intoxicating Liquors.*—*Contributory Negligence.*—An instruction that if the wife furnished liquor to the husband and thereby contributed to his appetite for liquor, she would not be entitled to recover for his subsequent death from intoxication, even though defendant saloon-keepers unlawfully sold liquor to him, is properly refused. p. 680.

6. TRIAL.—*Instructions.—Duplication.*—It is not harmful to refuse an instruction already covered by others given. p. 680.

7. TRIAL.— *Instructions.— Intoxicating Liquors.— Notice Not to Sell.—Revocation.*—The refusal to give an instruction that if the wife, after notifying defendant saloon-keepers not to sell to her husband any more liquor, told them to let him have it when he was not drunk, and when he was sobering up from a spree, and that the defendant made sales only as authorized, the wife could not recover because thereof, is not reversible, the evidence showing that the wife authorized only the sale of beer, and that only when he was working and not drinking. p. 680.

8. EVIDENCE.—*Declarations.—Cause of Drinking.—Intoxicating Liquors.*—Declarations of a decedent as to the cause of his drinking are not admissible in an action for damages by his widow against the saloon-keepers who unlawfully sold to him the liquor which caused his death. p. 680.

9. EVIDENCE.—*Declarations.—Of Third Persons.—Res Inter Alios Acta.*—In an action by a widow against saloon-keepers for unlawfully selling liquor to her husband causing his death, declarations by the person serving a subpoena upon a witness for the plaintiff made to such witness, are inadmissible. p. 680.

10. EVIDENCE.— *Entering Saloon.— Cross-Examination.—Intoxicating Liquors.*—In an action for damages by a widow against saloon-keepers who unlawfully sold liquors to her husband causing his death, it is proper on cross-examination of defendants' witness to inquire when such witness saw decedent go into defendants' saloon. p. 680.

From Warrick Circuit Court; *Roscoe Kiper,* Judge.

Action by Lizzie Niehaus against Andrew Greener and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Leo H. Fisher, Elbert M. Swan* and *William C. Mason,* for appellants.

*R. W. Armstrong* and *Hatfields & Hemenway,* for appellee.

COMSTOCK, J.—Appellee, plaintiff below, recovered judgment against the appellants for $1,200 damages for loss of means of support through the alleged unlawful sale of intoxicating liquor to appellee's husband.

The errors assigned and discussed challenge the sufficiency of the complaint, which is in one paragraph, and the action of the court in overruling appellants' motion for a new trial.

The complaint alleges that the defendants were, at the dates of the alleged offense, engaged as partners in the sale of intoxicating liquors; that on said day the defendants, in person and by their agents, the names of whom plaintiff is unable to give, sold, gave, bartered and delivered intoxicating liquor to plaintiff's husband, John W. Niehaus, while he was in an intoxicated condition, and, by defendants, known to be in said intoxicated condition, and in such quantity and to such extent that said husband was thereby made more intoxicated; that by reason of said unlawful sales said husband became wild, crazed, maddened and unconscious, and thereby wholly unable to take care of himself; and that while in said state, by reason of said sales of intoxicating liquor, he attempted to pass up a flight of stairs at his home, and then and there fell and received injuries from which he died in a few hours. Appellants insist that the complaint is defective, in not directly averring that the decedent was in a state of intoxication when the sale of liquor was made, and that the appellants knew he was in such condition at the time of such sale.

The action is founded upon section twenty of "an act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," etc., approved March 17, 1875 (§8355 Burns 1908, §5323 R. S. 1881), which is as follows: "Every person who shall sell, barter, or give away any intoxicating liquors, in violation of any of the provisions of this act, shall be personally liable, and also liable on his bond  *   *   *  to any person who shall sustain any injury or damage to his person or property or means of support on account of the use of such intoxicating liquors, so sold," etc. Section fifteen of the act of 1875 (Acts 1875 [s. s.], p. 55), reads as follows: "Any person who shall sell, barter, or give away any spirituous, vinous or malt liquors to any person at the time in a state of intoxication, shall be deemed guilty of a misdemeanor, and, upon conviction there-

of, shall be fined in any sum not less than ten nor more than fifty dollars.'' *Homire* v. *Halfman* (1901), 156 Ind. 470. The last section quoted is still in force, so far as it aids in support of a civil action under §8355, *supra*. *State, ex rel.,* v. *Terheide* (1906), 166 Ind. 689; *Mulcahey* v. *Givens* (1888), 115 Ind. 286.

''Under the act it is necessary that two facts should concur besides the sale or gift of the liquor by the defendant to constitute a cause of action, to wit, intoxication resulting

3. from its use in whole or in part, and the loss of the means of support by the plaintiff in consequence of such intoxication. * * * The statute makes no distinction whether the loss of the means of support is the direct or remote result of the intoxication. It only requires that it should be established that the loss of the means of support is the result of such intoxication.'' *Homire* v. *Halfman, supra.* See, also, *McCarty* v. *State, ex rel.* (1904), 162 Ind. 218; *State, ex rel.,* v. *Terheide, supra; Nelson* v. *State, ex rel.,* (1903), 32 Ind. App. 88; *Dudley* v. *State, ex rel.* (1907), 40 Ind. App. 74.

It is not necessary under said section to allege nor prove that the defendant knew such person to be intoxicated. *Berry* v. *State* (1879), 67 Ind. 222, 223. See, also,

4. *Brow* v. *State* (1885), 103 Ind. 133, and *Werneke* v. *State* (1875), 50 Ind. 23. The latter case was brought under the act of 1873 (Acts 1873, p. 151). Appellants cite numerous cases holding that averments by way of recital will be disregarded, and that pleadings averring facts by way of recital will be held insufficient on demurrer. They present the law, but do not apply to the language we are now considering.

A further objection is urged against the complaint, that it does not show a connection between the furnishing of the intoxicating liquor and the fall of the decedent. This

1. claim cannot be upheld. The charge made is that the intoxicating liquor was sold to the plaintiff's husband

while he was intoxicated, thereby increasing his intoxication; that by reason of said unlawful sale he was rendered insane and incapable of taking care of himself, and while insane and incapable of taking care of himself, and while in said intoxicated condition by reason of said sale, he attempted to pass up a flight of stairs, and fell and was injured. These allegations taken together sufficiently show the causal connection between the violation of the law and plaintiff's loss of support. The complaint alleges "that on December 12, 1905, defendants  *  *  *  sold, gave, bartered and delivered intoxicating liquors to plaintiff's said husband, John W. Niehaus, while he was in an intoxicated condition, and known to be in said intoxicated condition by said defendants," etc. The objection is not well taken. The word "while" as used here is defined by Webster as meaning "at the same time." The language of the complaint is equivalent to and complies with the terms of the statute upon which the action is founded. The condition of decedent is as plainly alleged as if the complaint had charged that on the .... day of ...... defendants sold to one ........ certain intoxicating liquors, said ........ being then and there in a state of intoxication, etc.

In the case of *Mitchell* v. *Ratts* (1877), 57 Ind. 259, a complaint was based upon §8355, *supra*. It charged the defendant with having sold liquor to the plaintiff's husband when he was intoxicated, etc. The court held the complaint sufficient. It does not appear from the opinion whether this precise question was presented. In the case of *Wall* v. *State, ex rel.* (1894), 10 Ind. App. 530, the complaint alleged that the defendant sold to one Kendall nine pints of intoxicating beer, while said Kendall was in a state of intoxication, said Wall at the time knowing him to be intoxicated. The court held that this language specifically and directly charged the unlawful sale to Kendall while he, said Kendall, was in a state of intoxication, and the defendant at the time knew him to be in a state of intoxication. In the case of *Beem* v. *Chest-*

nut (1889), 120 Ind. 390, the complaint averred that the defendant unlawfully sold intoxicating liquors to the plaintiff's husband, while he was in a state of intoxication, knowing his condition at the time, whereby the latter became crazed and incapacitated for business, and spent and squandered his own and plaintiff's money, thereby causing the plaintiff to sustain damage to her property and means of support. In an additional paragraph it is further averred that the plaintiff's husband, by reason of the intoxication so unlawfully produced, became crazed, and while in that condition drove her from her home, while thinly clad, into the cold, whereby she was made sick, and was damaged thus by suffering pain and loss of time, and in expenses incurred in being restored to health. The court held that said complaint was sufficient as against demurrer.

The refusal of the court to give instructions one, two, and three, requested by the appellants, is discussed. Said instructions read as follows: "(1) If you find from a preponderance of the evidence that the plaintiff * * * at different times, or at any time, prior to his alleged fall, furnished intoxicating liquor of any kind to her deceased husband, * * * and thereby contributed to his appetite for liquor, and to his physical condition at and before the time of his alleged fall, she would not be entitled to recover herein, even though you also find that the defendants, or either of them, did sell him intoxicating liquor as alleged. (2) If you find from the evidence that the plaintiff, * * * thus contributed to the condition of said Niehaus, at and before the time of the alleged fall, you could not weigh the respective acts of the plaintiff and defendants therein to determine whether the plaintiff or the defendants had contributed the most to such condition, as in such event you should find for the defendants, even if they had contributed the most thereto, or had furnished him more liquor than the plaintiff had. (3) If you find from the preponderance of the evidence that the plaintiff had directed the defendants not to let said de-

cedent * * * have intoxicating liquor, and that she thereafter authorized the defendants to let him have intoxicating liquor when he was not drunk, or when he was sobering up from a spree, and that the only unlawful sales of liquor made by the defendants, or either of them, to said Niehaus, were after such authorizing and under the circumstances so authorized, the plaintiff * * * would not be entitled to recover.''

Said first instruction was properly refused. Its language is too broad. If the wife by her conduct had encouraged the husband in the formation of the drinking habit, and she afterwards attempted to prevent his further use of liquor, she would not be deprived of her right under the statute.

Said second instruction is fairly covered by instructions five and ten, given by the court of its own motion.

The refusal to give said third instruction was not reversible error, for the reason that there was no evidence that the appellee authorized the sale of liquor to her husband, except beer, and that only when he was not drinking and was working.

The court refused to admit evidence of what the decedent said about the cause of his drinking. The ruling was proper upon various grounds. The court struck out what was said to the witness Jack Goodman by Harry Beeler, when he subpoenaed Goodman as a witness for the plaintiff. The evidence was clearly improper. The action of the court in permitting said Goodman on cross-examination to answer plaintiff's question as to when it was he saw the decedent go into Greeners' saloon and drink there, was proper cross-examination.

We have passed upon the questions discussed by counsel, and find no reversible error. The verdict is not without support of the evidence.

Judgment affirmed.