## Ella L. Bradford *v.* Samuel C. Boley, Appellant.

*Negligence—Liquor laws—Selling liquor to intoxicated person—Loss of husband's earning power—Suit by wife against saloon keeper—Act of May 8, 1854, sec. 3.*

The act of May 8, 1854, sec. 3, P. L. 663, which provides that "any person furnishing intoxicating drinks to any other person in violation of existing laws, or of the provisions of this act, shall be held civilly responsible for any injury to person or property in consequence of such furnishing," will not sustain an action by a wife against a saloon keeper for loss occasioned by the imprisonment of her husband for voluntary manslaughter, committed while the husband was under the influence of liquor furnished by the saloon keeper.

The act of May 8, 1854, gives the right to the wife to maintain an action for an injury to her personal property in consequence of a liquor dealer's unlawful negligence, but it does not, expressly or by necessary implication, give her an action for an injury to the person or property of her husband. Her interest in her husband's earning power is not "property" within the meaning of the statute.

*Negligence—Remote and proximate cause—Selling liquor to intoxicated person.*

In such case the imprisonment of the husband is not the proximate consequence of the unlawful negligence of the defendant, but is the act of the law,—the direct result of the intervention of an independent agency of force: Beers *v.* Walhizer, 43 Hun, 254, distinguished.

Argued Nov. 2, 1893. Reargued Oct. 22, 1894. Appeal No. 230, Oct. T., 1893, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1893, No. 268, on verdict for plaintiff. On reargument, before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for loss occasioned by the alleged negligence of defendant, a liquor dealer, in selling liquor to plaintiff's husband while intoxicated. Before EWING, P. J.

At the trial it appeared that on July 11, 1892, plaintiff's husband, John Bradford, shot and killed Henry Floyd in defendant's saloon. Bradford was subsequently convicted of voluntary manslaughter, and sentenced to imprisonment for twelve years. The evidence for the plaintiff tended to show that defendant sold liquor to Bradford immediately before the shooting, and

while Bradford was in a state of intoxication. It also appeared that Bradford was in the habit of going upon periodical sprees, and that plaintiff knew of this, and gave her husband money with which to pay for drinks. The money thus furnished was taken from wages which her husband intrusted to her.

Defendant's points were among others as follows:

"1. If the jury find from the evidence that the plaintiff during the last nine years supplied her husband weekly with sums of money, ranging from three to five dollars, which she knew he used in his weekly sprees, and if the jury further find that he was continuously drunk from the 30th of June to the 11th of July last on money furnished by her, and that she even provided him with money on the 11th of July which he spent for drinks at defendant's saloon or elsewhere, it is such contributory negligence to the injury complained of as will prevent her from recovering in this action. *Answer:* The first point is refused. The evidence does not justify the finding asked for, the evidence being that the wife was but custodian of her husband's money, which he at his pleasure had a right to demand. It is an entirely different case from what it would be if the plaintiff, Mrs. Bradford, had from her own resources voluntarily furnished her husband money which she knew he would use for the purchase of liquor which he could not otherwise have obtained. If that were the evidence it might be for the jury to say whether or not the wife was guilty of contributory negligence." [1]

"5. The consequential imprisonment of Bradford, brought about by his own unlawful act, is too remote to be the grounds for his wife, the plaintiff, recovering any damages in this action. *Answer:* The 5th point is refused. The imprisonment was the legal sequence of the crime, and if the crime was caused by the liquor the defendant illegally furnished, the liability follows." [2]

"6. The word 'property' in the 3d section of the act of the 8th of May, 1854, does not include a claim such as is set up by the plaintiff; nor is the plaintiff an aggrieved person within the meaning of said act, she being the wife of the said John Bradford and he being yet alive. *Answer:* Reserved."

"7. The plaintiff cannot maintain this action, and your verdict under all of the evidence should be for the defendant. *Answer:* Reserved."

Verdict for plaintiff for $2,800. The court subsequently entered judgment on the reserved points in favor of plaintiff. Defendant appealed.

*Errors assigned* were (1, 2) instructions as above; (3) in entering judgment for plaintiff upon the questions of law reserved in defendant's sixth and seventh points.

*R. S. Martin, Henry Meyer* with him, for appellant.—Where a wife contributes to the intoxication of her husband by providing the liquors herself or drinking with him she can sustain no action against the seller of the liquor for damages for injuries received in consequence of such intoxication: 3 Am. & Eng. Ency. of Law, 270; Huff v. Aultman & Schuster, 69 Iowa, 71; Reget v. Bell, 77 Ill. 593; Elliott v. Barry, 34 Hun (N. Y.), 129.

The act of the defendant was not the proximate cause of the loss: Sedgwick on Damages, vol. 1, p. 126; Schmidt v. Mitchell, 84 Ill. 195; Parsons on Contracts, vol. 3, p. 179; Pennsylvania R. R. v. Kerr, 62 Pa. 353; Fairbanks v. Kerr & Smith, 70 Pa. 86; Kranch v. Heilman, 53 Ind. 517; Fink v. Garman, 40 Pa. 106; Davies v. McKnight, 146 Pa. 610; Taylor v. Wright, 126 Pa. 617.

The act of May 8, 1854, does not apply to the case: Kelley v. Mayberry Twp., 154 Pa. 440.

It is claimed that the case of Beers v. Walhizer, 43 Hun (N. Y.), 254, rules the question of law raised by the defendant's 6th and 7th points. That case is founded on the New York statute of 1873, which is a distinct class of legislation from either of our acts of 1851 and 1855, and belongs to a system of legislation enacted in many of the states years afterwards.

The New York statute of 1873 is still broader than our act of 1875, for it not only declares that a wife may be an aggrieved party, not only in person and property, but also in what the act calls "means of support:" Volans v. Owen, 74 N. Y. 526.

*K. T. Meade, James C. Doty* with him, for appellee.—The evidence did not justify the finding asked for in plaintiff's first point and the court was therefore right in refusing it.

The charge of the court was sound on the question of proximate cause. Under the finding of the jury the crime was committed because of his intoxication, on liquor unlawfully sold by defendant, and the arrest, conviction and sentence was a result to be anticipated and naturally followed by force and operation of the law of the land: Beers v. Walhizer, 43 Hun, 256; Davies v. McKnight, 146 Pa. 610; act of April 12, 1875, sec. 3, P. L. 41.

In Veon v. Creaton, 138 Pa. 48, the deprivation of the wife's means of support by the death of her husband is recognized as the property of the wife: Fink v. Garman, 40 Pa. 95; Volans v. Owen, 74 N. Y. 526; Schneider v. Hosier, 21 Ohio, 98; Jockers v. Borgman, 29 Kansas, 109; Woolheather v. Risley, 38 Iowa, 486.

OPINION BY MR. JUSTICE McCOLLUM, April 29, 1895:

This is an action brought by a wife to recover damages for the imprisonment of her husband for the crime of voluntary manslaughter. It is based on section 3 of the act of May 8, 1854, which provides that " any person furnishing intoxicating drinks to any other person in violation of existing laws, or of the provisions of this act, shall be held civilly responsible for any injury to person or property in consequence of such furnishing; and any one aggrieved may recover full damages against such person so furnishing, by action on the case instituted in any court having jurisdiction of such form of action in this commonwealth." The facts which were regarded by the learned court below as sufficient to sustain the action are substantially as follows: John Bradford, the husband of the plaintiff, was an industrious man and capable of earning good wages. It was his custom on receiving his wages to deposit the most of them with his wife for family uses and for safekeeping. For several years preceding the occurrence in question he was in the habit of drinking to excess on Saturday evenings, on Sundays, and whenever he was out of employment. While he had work to do his excesses in this respect were limited to the evenings and days mentioned. Frequently when about to enter upon a spree, or in the midst of one, he applied to his wife for money to carry it on, and she, comprehending his purpose, let him have it from the deposits he made with her as above stated. On the 30th of

June, 1892, the mills in which he was employed were closed for repairs, and thenceforth until and including the day of his arrest he was idle, and the most of the time under the influence of liquor. The afternoon and evening of that day he was in the saloon of the defendant. He bought and drank liquor and was intoxicated there. While in a state of intoxication for which the defendant was, at least, partially responsible, he became involved in a quarrel with Floyd in which he received a blow in the face, and shot his antagonist, who died in consequence of the injury thus inflicted. Bradford was arrested, indicted and tried for murder, convicted of voluntary manslaughter and sentenced to imprisonment for twelve years. The important question before us on these facts is whether the imprisonment of the husband can be regarded as a consequence of the unlawful act of the defendant for which the statute has given the wife a right of action. It is settled that the furnishing of intoxicating liquor to a person of known intemperate habits or obviously intoxicated at the time is an act of unlawful negligence and if it results in the death of such person as a proximate consequence of it, his widow, children or parents may maintain an action against the party so furnishing the liquor, and recover from him compensation for their loss to the extent of their pecuniary interest in the life of the deceased: Fink v. Garman, 40 Pa. 95. To the same effect are the other cases referred to by the learned court below as supporting its conclusion in this case. It must be borne in mind, however, that these were actions for injuries caused by unlawful negligence and resulting in death, and that they were instituted by persons expressly authorized to maintain them. They were based on the act of April 15, 1851, which " created a cause of action wholly unknown to the common law," and the plaintiffs in them were persons who under the act of 26th April, 1855, were "entitled to recover damages for an injury causing death." But these acts did not give a wife an action for negligence resulting in the imprisonment of her husband or the impairment of his earning power, nor did she have it by the common law. It is therefore incumbent on her in the assertion of a claim of this character to point to the statute which gives her an action for it.

In the case under consideration the plaintiff relies on the act

of May 8, 1854, the material part of which we have already inserted in this opinion. That she may by virtue of its provisions maintain a suit against the defendant for an injury to her person or property in consequence of his unlawful negligence is clear, but it does not expressly or by necessary implication give her an action for an injury to the person or property of her husband. Is her interest in his earning power "property" within the meaning of the statute? Does it give her an action for an injury to him which for a time impairs or prevents the exercise of this power? It seems to us that these questions should be answered in the negative. If the statute is construed as giving her an action for such an injury its results are neither logical nor harmonious. It does not, standing by itself, authorize an action for an injury which destroys her pecuniary interest in her husband, but it gives her an action for an injury which merely detracts from its value. It makes the furnishing of intoxicating drinks to him, if he is of known intemperate habits, or when he is drunk, an act of unlawful negligence, and if his earning capacity is injuriously affected by it, gives her a suit against the wrongdoer for damages, when, for any other act of unlawful negligence having precisely the same effect upon her pecuniary interest in him, she has no action by the common law or by statute. That the legislature may give her an action for an injury which impairs his earning power and thereby partially deprives her of the support he should afford her, is not denied, but that it has done or intended to do so in the statute we are considering is not apparent. In no case brought to our notice has it been held that an action for injury to property embraced a claim of this character. In all the statutes relating to damages occasioned by the unlawful furnishing of intoxicating drinks that have come under our observation, except the one now before us, actions are given for injuries to the person, to property, and to means of support. The law applicable to these actions and pertinent to our question is thus summarized in Am. & Eng. Ency. of Law, vol. 3, pages 261 and 262: "where damages are claimed for injuries to the person actual injury must be proved. Where no actual violence by the husband, no physical injury to the person or health of the wife is shown, she cannot recover. Where a person squanders money or chattels, or destroys or injures other property belonging to his wife or

any other party, while intoxicated, an action for damages by the owner of the property will lie against the party who sold the liquor which produced the intoxication to the amount of . the value of the property destroyed, or the amount of the injury. Wherever any one is legally under obligation to support another, as a husband his wife, or parents their children the statutes provide that if in consequence of intoxication or habitual drunkenness of the husband or parent those dependent on them for support are injured in such support the persons so injured shall have a right to an action for damages against the seller of the liquor producing the intoxication or habitual drunkenness." The cases cited as sustaining this summary show that while the injuries proceed from the same negligent act, the subjects of them are distinct and independent, and that actions given for injuries to person or property do not include injuries to means of support. It may be affirmed as a general proposition that the right of action for an injury to person or property is in the party whose person or property is injured, and that the statute which gives to another person an action for the consequences of such injury must do so in plain terms or by necessary implication. It is a strained and unjustifiable construction of the act in question which allows a wife in the lifetime of her husband to maintain a suit for an injury to his person which diminishes his capacity for labor. There is another objection to the plaintiff's claim which appears to us to be well taken. It is that the imprisonment of her husband is not the proximate consequence of the unlawful negligence of the defendant. It is the act of the law—the direct result of the intervention of an independent agency or force. True, Beers v. Walhizer, 43 Hun, 254; appears to conflict with this view and was regarded by the learned court below as a sufficient answer to the objection that the furnishing of the liquor was not the proximate cause of the imprisonment. But that case was based on a statute which in plain terms gave the wife an action for an injury to her means of support, and was construed as extending to and embracing the remote as well as the direct consequences of the unlawful negligence. The decision in Beers v. Walhizer is therefore not only opposed to the common law rule on this subject, but to our construction of the act of May 8, 1854. In Fink v. Garman, supra, this court, speaking of the defendant's unlawful

negligence in the sale of the liquor said: "His act must be what we call the proximate cause of the injury complained of. If the proximate cause was compounded of his act and the unlawful act of the decedent the civil liability is gone." For these reasons we decline to assent to the proposition that this case is governed by Beers v. Walhizer.

We do not think that, in view of the evidence in this case, there was any error in the refusal of the defendant's first point.

In accordance with these views we overrule the first specification of error, and sustain the other specifications.

Judgment reversed.