SMISER ET AL. *v.* THE STATE, EX REL. KING.

[No. 2,211.   Filed May 18, 1897.]

INTOXICATING LIQUORS.—*Action on Saloonkeeper's Bond.*—In an action on a saloonkeeper's bond for causing the death of the husband of relatrix, a complaint which alleges unlawful sales to the husband and other persons named, and that by reason of the intoxicated condition of such persons, including the husband, in defendant's saloon, the husband was thrown and fell upon the floor and against the wall of said saloon and mortally wounded, is sufficiently definite in the absence of a motion to make more specific.   *pp. 520, 521.*

APPEAL AND ERROR.—*Brief Must Specify the Place in Record Where Alleged Error May be Found.*—Alleged error in the admission of evidence will not be considered on appeal where no reference is made in the brief to the place in record where the evidence complained of may be found.   *p. 521.*

EVIDENCE.—*Insurance.—Tables of Expectancy.*—Life insurance tables of expectancy are admissible in evidence, to be considered by the jury in connection with all other pertinent evidence in ascertaining the probable duration of the life in question, and not as fixing the expectancy of the life of the particular person, or as forming a legal basis for a calculation.   *p. 522.*

INTOXICATING LIQUORS.—*Selling Liquor to Intoxicated Person.—Action on Bond.*—In an action on a saloonkeeper's bond for causing the death of the husband of relatrix in selling him liquor while in a state of intoxication in violation of section 15, act of March 17, 1875, the fact that some of the liquor by which the deceased was intoxicated was procured by him at another saloon, would be no defense, if the liquor furnished by defendant caused additional intoxication, and the injury resulted proximately to the wife's means of support because of such intoxicated condition.   *p. 523.*

From the Daviess Circuit Court.   *Affirmed.*

*Posey & Chappell,* for appellants.

*Dillon & Greene,* for appellee.

BLACK, J.—This was an action on the bond of the appellant John A. Smiser, as a licensed retailer of intoxicating liquors.   The cause was commenced in

the Pike Circuit Court. The complaint contained three paragraphs. A demurrer for want of sufficient facts was overruled as to the first and second paragraphs, and was sustained as to the third paragraph. An answer in denial having been filed, the venue was changed to the court below, where a trial by jury resulted in a verdict for the appellee for one thousand dollars. After judgment upon the verdict, a motion was made by the appellants for a new trial and was overruled.

Recovery was sought for alleged damages sustained by the relatrix to her means of support through the death of Joel R. King, her husband, on account of the use of intoxicating liquor sold in violation of the statutory provision whereby the sale of any spirituous, vinous or malt liquors to any person at the time in a state of intoxication is made a misdemeanor. See sections 15 and 20 of the act of March 17, 1875. Acts 1875, p. 55; *Mulcahey* v. *Givens*, 115 Ind. 286.

The appellants in argument do not prefer any objection to the first paragraph of the complaint, but contend that the second paragraph was insufficient.

The second paragraph shows unlawful sales to said Joel R. King and one Charles Hutchinson, and divers other persons to plaintiff unknown. The only objection urged against this paragraph is that it does not charge that the husband of the relatrix "was thrown by Hutchinson or any person made drunk by appellant, nor that he fell by reason of his intoxication, but by some intervening agency secured his hurt." The language of the complaint to which this objection is directed is, "that by reason of said intoxicated condition of said persons, including said King, in the saloon of said Smiser, on said day, said Joel R. King was thrown and fell upon the floor and against the wall of said saloon, whereby his head came in contact with

some object to plaintiff unknown, whereby he, the said King, was mortally wounded," etc.

If the appellants desired more definiteness and particularity as to the manner in which said King received his injury, they should have made a motion indicating such wish. The second paragraph of complaint does not appear to be subject to the objection so urged against it. Furthermore, appellants say in their brief that no attempt whatever was made to prove any part of the second paragraph.

In argument, under the assignment that the court erred in overruling the motion for a new trial, counsel claim that there was error in the admission in evidence of a certified copy of a record, but no reference is made in the brief to a place in the transcript in which such evidence may be found. Therefore, we cannot search for it and identify it for the purpose of reversing the judgment.

A witness, Adrian Barber, who testified that he lived at Washington, Indiana, was a life insurance agent, and had in his hand a book which, he testified, was "American Experience Tables, being the collected experience of American life insurance companies of the duration of lives by them insured," was asked to read from said book how long a man at the age of forty-eight was expected to live. The witness was permitted to read from the book as follows: "At forty-eight, expected to live twenty-two and thirty-six hundredths years."

The reason urged in argument against this evidence is, that "the undisputed evidence was that the decedent King had been a sufferer from bronchitis and lung trouble, and drew a pension of ten dollars per month on that account," and that "the witness, Barber, stated that such persons were not insurable, and hence the table, which the witness claimed was a com-

pilation of the experience of the various American insurance companies, did not shed any light on the expectancy of Joel King."

A portion of the objection offered to the evidence in the court below before its admission, as shown by the record, was, "because the results shown" (by the book) "were from healthy, and not diseased persons;" but no portion of the objection was based upon any alleged state of King's health. The statement in argument that the witness "stated that such persons were not insurable," has relation, not to any previous portion of his testimony, but to his subsequent testimony on cross-examination, that "when lung trouble and bronchitis exist, insurance companies do not insure."

Furthermore, we observe that the relatrix had testified that her husband's age was forty-eight years; that he had fairly good health, and "made about enough to do us;" that "he farmed, raised corn, wheat, oats, hogs and cattle." She also testified that he drew ten dollars per month pension for lung trouble and bronchitis, and his son testified that the deceased drew a pension for bronchitis and lung trouble. There had been no other evidence relating to bronchitis or lung trouble. Another witness testified that King was an industrious man; "I always saw him doing something when I passed his place."

We might dismiss this matter without further notice. In view, however, of the character of the objection proposed by counsel in argument, it may be proper to remark that life tables are not taken as fixing the expectancy of the life of the particular person, or as forming a legal basis for a calculation, but are accepted as furnishing some evidence, to be considered by the jury in connection with all other pertinent evidence, in ascertaining the probable duration of the life in question. See Sutherland on Damages, sec-

tion 455; Elliott on Railroads, section 1378, and cases cited. See, also, *Wilson* v. *Bennett,* 132 Ind. 210; *Louisville, etc., R. W. Co.* v. *Miller,* 141 Ind. 533, 562; *Shover* v. *Myrick,* 4 Ind. App. 7.

The court gave to the jury all the instructions requested by the appellants except one, concerning the refusal of which appellants say that they have no complaint to make, but they contend that the instructions given by the court of its own motion negatived those given at the request of the appellant.

We do not find such antagonism between instructions given. Taking all the instructions together, there does not appear to be any material inconsistency in them.

There was sufficient evidence to sustain the conclusion of the jury that the death of the husband of the relatrix was caused by a fall which was occasioned by the use of intoxicating liquor sold in violation of the statute.

The fact that some of the liquor, by which the deceased was intoxicated, was procured by him at another saloon, could not make a difference in favor of the appellants. If Smiser sold such liquors to the deceased when he was already intoxicated, the statute was violated; and if the liquor furnished by Smiser caused additional intoxication, and injury resulted proximately to the means of support of the relatrix because of the intoxicated condition thus existing, the appellants were liable on the retailer's bond for such result.

Counsel for appellants close their argument with a reference to what is called misconduct of counsel for the prevailing party, but fail to indicate any place in the record where the misconduct is shown.

We do not find any available error.

Judgment affirmed.