Baecher *et al. v.* The State, *ex rel.* Chandler.

BAECHER ET AL. *v.* THE STATE, EX REL. CHANDLER.

[No. 2,351. Filed January 14, 1898.]

INTOXICATING LIQUORS.—*Sales to Intoxicated Person.*—*Liability of Bondsmen.*—Where the holder of a license to sell vinous and malt liquors sells either of such kind of liquor, or any spirituous liquor to a person at the time in a state of intoxication, such sale is in violation of section 7276, *et seq.* Burns' R. S. 1894 (5312 *et seq.* R. S. 1881), and where such sale results in the death of such person the dealer and his bondsmen are liable in an action for damages brought by the widow of the deceased person. *pp. 101-104.*

APPEAL AND ERROR.—*Assignment of Error.*—*Instructions.*—The refusal of the court to give requested instructions cannot be assigned as an independent error in the appellate court, but is a proper cause for a new trial in a motion therefor addressed to the trial court. *p. 104.*

SAME.—*New Trial.*—*Record.*—Where the record contains neither the motion for a new trial nor the grounds upon which the new trial was asked an assignment of error based upon the action of the court in overruling a motion for a new trial presents no question on appeal. *p. 104.*

SAME.—*Errors Not Discussed.*—*Waiver.*—Errors assigned but not discussed are deemed waived. *p. 105.*

From the Martin Circuit Court. *Affirmed.*

*Hiram McCormick, Richard M. Milburn* and *Michael A. Sweeney,* for appellants.

*Cox & Fisher,* for appellee.

ROBINSON, C. J.—Appellee's relatrix sued appellants on a retail liquor dealer's bond and recovered a judgment for $1,500.00 as damages for the death of her husband, caused by unlawful sales of intoxicating liquor to him by appellant Baecher.

It appears from the complaint that a liquor license was duly issued to appellant Baecher to sell vinous and malt liquors only for which he paid the license fee of $50.00 and executed a bond with his co-appellants as sureties. The complaint charges an unlawful sale of intoxicating liquors causing the alleged damage complained of.

It is argued by counsel for appellants that the complaint is insufficient because it fails to show that a sale was made of liquor for which they are liable; that it does not state what kind of liquor Baecher had given bond to sell, and that it does not show that a kind of liquor was sold to the decedent for which the bondsmen would be held liable. It is also argued that the statute does not give a right of action on the bond where the license is granted to sell vinous and malt liquors only. The bond, which is made a part of the complaint, is the bond required by the act, and is the only bond the act requires for selling intoxicating liquor, and the complaint charges a sale of intoxicating liquor.

By the provisions of the act of 1875, section 7276 *et seq.*, Burns' R. S. 1894, under which this suit was brought, an applicant for license is required to give bond with at least two sureties, "conditioned that he will keep an orderly and peaceable house, and that he will pay all fines and costs that may be assessed against him for any violations of the provisions of this act, and for the payment of all judgments for civil damages growing out of unlawful sales, as provided for in this act."

Upon the execution of this bond and the presentation of the order of the board of commissioners granting him license, and the county treasurer's receipt for fifty dollars, if the application be for vinous and malt liquors only, or a receipt for one hundred dollars, if the application be for the sale of spirituous, vinous and malt liquors, the county auditor shall issue a license. It is further provided by section 20 of the act, that every person who shall sell, barter or give away any intoxicating liquor in violation of any of the provisions of this act shall be personally liable, and also liable on his bond filed in the auditor's office, as required by the act, to any person who shall sustain damage to his person or property, or means of support. It is also provided by the act that an applicant for license shall state in his notice whether he desires to sell vinous and malt liquors or malt liquors only, or spirituous, vinous and malt liquors or vinous liquors only; and if he desires to sell only vinous or malt liquors or both, in quantities less than a quart at a time, he shall pay a license fee of fifty dollars. It is also provided by that act that the words "intoxicating liquor" shall apply to any spirituous, vinous, or malt liquor, or to any intoxicating liquor whatever which is used or may be used as a beverage.

Construing all the provisions of this act together, it is evident that the legislature intended that the bond required should have the same effect where the license was issued to sell vinous and malt liquors as where the license was issued to sell spirituous, vinous, and malt liquors. The statute itself gives no authority for saying that the bond is applicable to one and not to the other. If he makes a sale of either of the kinds of liquor designated under either form of license, he has made a sale of intoxicating liquor as defined by the statute itself.

Section 15 of the act of 1875 provides that "any person who shall sell, barter, or give away any spirituous, vinous or malt liquors to any person at the time in a state of intoxication, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined, etc." It has been held that this section, notwithstanding section 2092, R. S. 1881, still continues in force in support of a civil action for a violation of its provisions. *Mulcahey* v. *Givens,* 115 Ind. 286; see *Smiser* v. *State, ex rel.,* 17 Ind. App. 519. A person selling either of the three kinds of liquor named in section 15, makes a sale of intoxicating liquor as defined by the statute. And whether the bond given is a bond for a license to sell spirituous, vinous and malt liquors, or for a license to sell vinous and malt liquors only, in either case it is a bond for a license to sell intoxicating liquor. And an unlawful sale of vinous or malt liquor, or both, would give a right of action on a bond for a one hundred dollar license, just as such a sale would give a right of action on a bond for a fifty dollar license. It will be noticed that section 15 makes it an offense to sell either spirituous, vinous or malt liquors to any person in a state of intoxication. The sale of either vinous or malt liquors in such a case is an offense, and the bond in suit is for a license to sell these two kinds of liquors. The complaint states a cause of action. When a sale has been made of either spirituous, vinous or malt liquors to a person at the time in a state of intoxication, a sale has been made in violation of the provisions of the act of 1875, and such a sale is unlawful. The bond is conditioned for the payment of all judgments growing out of unlawful sales as provided for in the act, and a person who sells any intoxicating liquor in violation of any of the provisions of the act shall be personally liable and also liable on his bond. A sale of spirituous

liquors to a person at the time intoxicated, by one who holds a license to sell only vinous and malt liquors, is an unlawful sale. *Quaere*, whether a person holding a license to sell vinous and malt liquors only who sells spirituous liquor to a person at the time intoxicated would not be liable personally and on his bond under section 20? See *Brandt* v. *State, ex rel.,* 17 Ind. App. 311; *State, ex rel.,* v. *Cooper,* 114 Ind. 12; *Wall* v. *State, ex rel.,* 10 Ind. App. 530; *Boos* v. *State, ex rel.,* 11 Ind. App. 257.

Appellants have assigned as error the refusal of the court to give instructions one and two requested by appellants. This alleged error presents no question for our consideration. The refusal of the court to give instructions asked is a proper cause for a new trial in a motion therefor addressed to the trial court, but it cannot be assigned as an independent error in this court. In Buskirk's Practice, p. 126, the author says: "The assignment of the causes for a new trial as error is not the proper mode of raising any question embraced in the motion for a new trial." *Todd* v. *Jackson,* 75 Ind. 272; *Smith* v. *Kyler,* 74 Ind. 575; *Indiana, etc., Co.* v. *Wagner,* 138 Ind. 658; *Kernodle* v. *Gibson,* 114 Ind. 451.

The overruling of appellants' motion for a new trial is assigned as error, but as the motion is not in the record we have no means of knowing whether the refusal of the court to give the instructions requested was assigned as a cause for a new trial. The record recites that appellants moved for a new trial and filed their written reasons therefor, which was overruled; but the record contains neither the motion itself, nor the grounds upon which a new trial was asked. The instructions are properly made a part of the record, under the statute, without a bill of exceptions, but for the above reasons no question is presented upon the

instructions.    Other alleged errors are assigned, but as they have not been discussed by counsel, they are deemed waived.    Judgment affirmed.