AMELIA E. DAVIS, ADMRX. *v.* JOHN O. CARPENTER.

May Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON AND WATSON, JJ.

Opinion filed May 23, 1900.

*Survival of actions—Action for seduction*—An action brought by a father for the seduction of his minor daughter does not survive at common law nor by statute.

*Definition—"Personal estate" as used in V. S. 2446*—The right of a father to the services of his daughter is not personal estate within the meaning of V. S. 2446. The phrase "personal estate" as used in that section has reference to specific personal property.

ACTION ON THE CASE brought by Richard I. Davis for the alleged seduction of his minor daughter. Bennington County. At the June Term, 1899, the death of the plaintiff was suggested, and subsequently the administratrix of his estate entered to prosecute. At the December Term, 1899, a hearing was had on a

motion to dismiss, *Start*, J., presiding.    The motion was sustained and the action dismissed.    The plaintiff excepted.

*Charles S. Chase* for the plaintiff.

*O. E. Butterfield* for the defendant.

TAFT, C. J.    This suit was brought by Richard Davis for the alleged seduction of his minor daughter.    After entry in court, the death of the plaintiff was suggested, the administratrix of his estate entered to prosecute and the cause was heard on the defendant's motion to dismiss, for that the cause of action does not survive.    The action does not survive at common law, nor by our statute unless it is within that clause of sec. 2446, V. S., which provides that "actions of   *   *   *   trespass on the case for damages done to   *   *   *   personal estate shall survive." Although a father is entitled to the services of his minor daughter it cannot be said his right thereto is what is meant by the term personal estate, as used in the section of the statute referred to.    The term has reference to specific personal property.    The court below dismissed the action and its

*Judgment is affirmed.*