## AMERICAN SURETY COMPANY OF NEW YORK v. STATE, EX REL. HOLTAM.

[No. 6,611. Filed December 15, 1909. Rehearing denied April 29, 1910. Transfer denied June 3, 1910.]

1. INTOXICATING LIQUORS.—*Unlawful Sales.—Death of Saloon-keeper.—Abatement.*—The ·death of a saloon-keeper who unlawfully sold liquor to a person, thereby causing his death, does not discharge such saloon-keeper's surety on his bond, the cause of action on behalf of the widow and children being for the .loss of support, and not for personal injuries received by the decedent. pp. 127, 129, 130, 131.

2. INTOXICATING LIQUORS.—*Retailers.—Bonds.—Contracts.*—A bond given by a retailer of intoxicating liquors constitutes a contract with the State to compensate persons deprived of their means of ·support by reason of unlawful sales of liquor made by such retailer. p. 128.

3. INTOXICATING LIQUORS.—*Unlawful Sales.—Injuries.—Complaint.*—A complaint for loss of means of support caused by an unlawful sale of liquor, alleging that defendant surety's principal unlawfully sold liquor to decedent by reason of which he died, is sufficient, regardless of a description of the manner of death, or of its failure to allege that such principal sold to him all of the liquor which caused the death. p. 129.

4. APPEAL.—*Harmless Error.*—Judgments will be reversed on appeal only where prejudicial error has been committed. p. 130.

5. ACTION.—*Abatement.—Death of Defendant.—Personal Injuries.*—An action for personal injuries ordinarily abates with the death of the party injured as well as with the death of the defendant. p. 131.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by The State of Indiana, on relation of Laurella V. Holtam, against the American Surety Company of New York. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Edwin P. Hammond, William V. Stuart* and *Dan W. Simms,* for appellant.

*Alfred W. Reynolds, Addison K. Sills, George W. Reynolds, James T. Saunderson, George P. Haywood* and *Charles A. Burnett,* for appellee.

Roby, J.—This is an action brought by the State on the relation of the widow of Charles G. Holtam to recover on a liquor dealer's bond executed by James Francis as principal and the American Surety Company as surety. A demurrer for want of facts to the complaint was overruled. The issue was formed by a general denial. The jury found for appellee, and assessed damages at $1,237. Appellant's motion for a new trial was overruled and judgment rendered on the verdict.

The assignments not waived are that the court erred in its rulings on these two motions. The substance of the complaint, aside from averments as to the execution of the bond in suit, which is statutory (§§8319, 8355 Burns 1908, §§5315, 5323 R. S. 1881), and the issuance of license to Francis, is that the relatrix is the widow of said Holtam; that they were married in 1891, have one child, and the husband supported the family; that on January 28, 1906, "said day being then and there the first day of the week commonly called Sunday," said Francis sold beer and whisky to Holtam to be then and there drunk as a beverage; that Holtam was in a state of intoxication at the time, as Francis knew; that said liquors were drank by Holtam while in such state of intoxication in the saloon kept by said Francis; that on the evening of said day Holtam left said saloon (which is located at Kentland) and started to his home at Earl Park in a one-horse buggy; that he was intoxicated, by reason of drinking said liquor; that on the next day he was found on the highway so helpless, frozen and chilled that he could not speak; that he was taken to his home and nursed by relatrix until February 12, when he died; that his death was caused by and from the effect of said liquors sold to him while in a state of intoxication; that Francis departed life on March 17 of said year.

The first and most plausible objection to the pleading is that the liability of the surety upon a retailer's bond,

1. based upon the making of illegal sales, is discharged by the death of the principal. The point is otherwise

decided in *State, ex. rel.,* v. *Soale* (1905), 36 Ind. App. 73, but attention is called to the fact that a case cited in that opinion to this point (*Moriarty* v. *Bartlett* [1884], 34 Hun 272) was reversed on appeal. *Moriarity* v. *Bartlett* (1885), 99 N. Y. 651, 1 N. E. 794. The supreme court of New York held in that case, that a right of action to the wife injured "in means of support," under a civil liability act did not abate. The judgment of the supreme court was reversed in a memorandum decision upon the authority of *Hegerich* v. *Keddie* (1885), 99 N. Y. 258, 1 N. E. 787, 52 Am. Rep. 25. This latter case had to do only with the survival of an action by the administrator for death caused by negligence, and is in nowise authority upon the question presented in the case at bar. The reasoning and persuasive authority of the case of *Moriarty* v. *Bartlett* (1885), 99 N. Y. 651, 1 N. E. 794, which is all it had in this State, are not destroyed by the subsequent action of the court of appeals. But adopting the language of *Hegerich* v. *Keddie, supra,* it may be said that "inasmuch as the statutes in this State are so different from our own, little analogy exists between the question there presented and the one under consideration."

Our statute (§8355, *supra*) is as follows: "Every person who shall sell, barter, or give away any intoxicating liquors, in violation of any of the provisions of this act, shall be personally liable, and also liable on his bond filed in the auditor's office, as required by section four of this act, to any person who shall sustain any injury or damage to his person or property or means of support on account of the use of such intoxicating liquors, so sold as aforesaid, to be enforced by appropriate action in any court of competent jurisdiction."

When an applicant is granted a license to sell intoxicating liquor, and he accepts it by filing a bond conditioned as the statute requires, he thereby contracts with the State to compensate persons who are deprived

by him of their means of support through sales made in defiance of the act. The complaint on the bond by a person who shows herself to be one of the class for whose benefit such statutory contract is made stands upon an entirely different footing from individual actions brought to recover damages in tort, irrespective of such statutes.

This action is not to recover damages for the death of the husband, but to recover damages caused by injury to the plaintiff's means of support. *Nelson* v. *State, ex rel.* 1. (1903), 32 Ind. App. 88; *Stafford* v. *Levinger* (1902), 16 S. Dak. 118, 91 N. W. 462, 102 Am. St. 686, 1 Am. and Eng. Ann. Cas. 132 and note. These considerations require the reaffirmance of *State, ex rel.,* v. *Soale, supra.* The averments of the pleading show that the intoxicated condition caused by liquor unlawfully sold by Francis caused the death of the relatrix's husband, and this is sufficient. *Nelson* v. *State, ex rel., supra; Smiser* v. *State, ex rel.* (1897), 17 Ind. App. 519.

The averment, that said Holtam had either fallen from or was thrown out of the buggy in which he was riding, relates to a subsidiary fact, and does not make the complaint 3. bad because of the alternative form. Whether he was thrown from or had fallen out of the buggy could not change the averred fact that he received injuries which resulted in death, and that they were caused by the use of liquor illegally sold. *Wheeler* v. *Thayer* (1889), 121 Ind. 64, 67.

It was not necessary that the relatrix either aver or prove that all the liquor which contributed to cause intoxication was sold by Francis, nor that it was all sold by him and drank by Holtam in the former's saloon. *Nelson* v. *State, ex rel., supra.* The demurrer was correctly disposed of.

In support of the assignment, that the court erred in overruling its motion for a new trial, the appellant has discussed various instructions given to the jury. The court

gave nine instructions at the request of appellee. It
4. gave twenty-five at the request of appellant and thirteen of its own motion. The case was submitted in a manner most favorable to appellant, and no principle of law, to the benefit of which it was entitled, was omitted. Semblance of error is not ground for reversal. Judgments are set aside on appeal only for prejudicial error. No useful purpose will be served by a review of the points made. They have been examined and are not regarded as well taken.

It is also insisted that the evidence does not sustain the verdict. A careful reading of the evidence leads to the conclusion that the verdict is in entire accord with the proof.

The judgment is therefore affirmed.


## ON PETITION FOR REHEARING.

RABB, J.—Appellant earnestly insists in its petition for rehearing in this case that this court is in error in holding
that a cause of action upon the bond of a licensed
1. retail liquor dealer, accruing under the civil liability
clause of our temperance laws, to the wife and children for injury to their means of support, caused by the unlawful sale of liquor to the husband and father, whereby his life is lost, does not abate with the death of the liquor seller, that a rehearing should be granted in this case, this question reconsidered, and the case of *State, ex rel.,* v. *Soale* (1905), 36 Ind. App. 73, overruled on this point; and our attention is directed to numerous decisions which it is claimed are in conflict with our holding on this subject.

If the action does so abate, it is because the cause of action arises "out of an injury to the person." §283 Burns 1908, §282 R. S. 1881. All other causes of action survive by the express terms of the statute of this State, and may be brought by or against the representative of decedent, except

actions for breach of marriage contract. §284 Burns 1908, §283 R. S. 1881.

Can it be said that appellee's cause of action in this case arises out of an injury to the person? A cause of action may be said to arise out of a violation of duty by one person that injuriously affects the rights of another. Here the violation of duty averred, which created the liability on the bond of appellant, was the unlawful sale of liquor by the saloon-keeper, whose surety appellant became. The right of appellee which this violation of duty invaded, was not an injury to relator's person or to the person of her husband, but an injury "to her means of support," and out of this breach of duty and this violation of right appellee's cause of action arose. It was not founded on the death of relator's husband. The death of the husband was an intervening incident fixing the measure of damages, not a fact determining the right of action. There is no statutory provision by which a cause of action, arising under the statute relied on by appellee, survives; and had the death of the husband been the foundation of the right of action, then, by the well-recognized rule of the common law, as well as the express terms of the statute, appellee's cause of action would have expired with the death of the party injured, as well as with the death of the wrongdoer. 1 Am. and Eng. Ency. Law 130, and cases cited; Long v. Morrison (1860), 14 Ind. 595, 77 Am. Dec. 72; Hyatt v. Adams (1867), 16 Mich. 180; Eden v. Lexington, etc., R. Co. (1853), 141 B. Mon. 204; Carey v. Berkshire R. Co. (1848), 1 Cush. 475, 48 Am. Dec. 616.

Appellee's complaint, if this theory was correct, would clearly have been insufficient to withstand demurrer, regardless of the fact that it disclosed the death of the wrongdoer. In several States, it has been held that an action, founded on a similar statute, brought by a surviving wife for injury to her "means of support," result-

ing from the unlawful sale of liquor to her husband, caus-
ing his death, could not be maintained against the liquor
seller, for the reason that the action in its nature arose out
of an injury to the person of the husband and his death, and
therefore died with him; and upon this theory the supreme
courts of West Virginia, Massachusetts and Ohio have denied
a right of recovery in this class of cases.

In the case of *Davis* v. *Justice* (1877), 31 Ohio St. 359, 27
Am. Rep. 514, the question arose for the first time, and it was
decided by a divided court, that the action was to recover for
the death of the husband, and therefore did not lie, because
the action abated with the death of the party injured. A
very able dissenting opinion was rendered in the case by
Boynton, J., who held that the basis of recovery was not the
death of the husband, but the unlawful sale of the liquor, re-
sulting in the injury to plaintiff's means of support, and
therefore that the action did not abate with the death of the
party injured; and generally where the question has since
arisen, the reasoning of the dissenting opinion in that case
has been followed. This is so in New York (*Mead* v. *Strat-
ton* [1882], 87 N. Y. 493, 41 Am. Rep. 386), Nebraska (*Roose*
v. *Perkins* [1879], 9 Neb. 304, 2 N. W. 715, 31 Am. Rep.
409), Iowa (*Rafferty* v. *Ruckman* [1877], 46 Iowa 195, and
other cases), Maine (*Gardner* v. *Day* [1901], 95 Me. 558, 50
Atl. 892), Illinois (*Schroder* v. *Crawford* [1880], 94 Ill.
357, 34 Am. Rep. 236, and many other cases), and Michigan
(*Brockway* v. *Patterson* [1888], 72 Mich. 122, 40 N. W. 192,
1 L. R. A. 708). In this State, while the question discussed
in the case of *Davis* v. *Justice, supra,* and other cases cited,
has not been raised, the right of the wife or the dependent
children, to maintain an action against a saloon-keeper and
his sureties on his bond, for an unlawful sale of liquor injur-
ing their means of support by causing the death of the hus-
band and father, has never been denied. *Baecher* v. *State,
ex rel.* (1898), 19 Ind. App. 100; *Wall* v. *State, ex rel.*
(1894), 10 Ind. App. 530; *Boose,* v. *State, ex rel.* (1894), 11

Ind. App. 257; *Smiser* v. *State, ex rel.* (1897), 17 Ind. App. 519; *Nelson* v. *State, ex rel.* (1903), 32 Ind. App. 88; *Mc-Carty* v. *State, ex rel.* (1904), 162 Ind. 218.

The proximate cause of the damages claimed is the injury to relator's means of support. If there be no injury in this respect, there is no cause of action, although the sale of liquor was in violation of law, and in consequence of such unlawful sale, relator's husband met his death.

The cases cited by appellant from our own State, we think, are not in point upon this question, because they are based upon statutes that cover a right of action upon the death of the party, thus making the death of a person a necessary fact upon which the action must be predicated. The cases cited from other states, while some of them we recognize as being in point in favor of appellant's contention, we think are against the decided weight of authority and the reason and logic of the law. Other questions that are discussed in appellant's petition have already been fully considered.

Petition for rehearing overruled.