RAYMOND H. GLAESEMANN AND ANOTHER
v. VILLAGE OF NEW BRIGHTON.

130 N. W. (2d) 43.

July 3, 1964—No. 39,277.

*Schermer & Gensler* and *Irvin E. Schermer,* for appellant.
*Robins, Davis & Lyons* and *Kenneth E. Tilsen,* for respondents.

THOMAS GALLAGHER, JUSTICE.

This is an action under the Civil Damage Act, Minn. St. 340.95,[1] brought by Raymond H. Glaesemann and Rosella Glaesemann against the village of New Brighton, a municipal corporation operating a municipal liquor store, to recover for loss of means of support and for property damage resulting from the death of their daughter, Diane Glaesemann, age 18, killed by an automobile near the intersection of New Brighton Road and Noble Street in Ramsey County on December 7, 1960.

It is the claim of plaintiffs that on that date the motorist responsible for Diane's death had been sold intoxicating liquor illegally by defendant and that his consequent intoxication had been the proximate cause of the accident in which their daughter met death.

In its answer defendant denied liability in the accident and denied that plaintiffs had sustained any damages recoverable under § 340.95 as a result thereof. It then moved for summary judgment in its favor on the ground that the pleadings and proceedings clearly established that there was no genuine issue as to any material fact and that it was entitled to summary judgment as a matter of law. In support thereof, it submitted a deposition of each plaintiff. In her deposition Rosella Glaesemann, mother of decedent, testified that Diane had not contributed anything to the support of the family and that plaintiffs had paid all expenses in connection with her college attendance. Raymond H. Glaesemann, father of decedent, likewise testified that neither he nor his wife had been dependent upon Diane for their support.

On August 19, 1963, the District Court of Ramsey County made an order denying defendant's motion for summary judgment which stated:

"This is an action under the Civil Damage Act, M. S. A. § 340.95 by the parents of a deceased minor * * * for loss of means of sup-

---

[1]Minn. St. 340.95 provides in part: "Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by an intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling * * * intoxicating liquors, caused the intoxication of such person, for all damages, sustained; * * *."

port and for property damage resulting from her death by reason of an alleged illegal sale of intoxicating liquor by the defendant. It is undisputed that the plaintiffs were not dependent upon the deceased minor for their means of support, and insofar as their claim for loss of means of support is concerned, defendant's motion for summary judgment is granted * * *.

"However, it is the claim of the plaintiffs that their right to the earnings of the deceased minor until she reached her majority and the payment by them of her funeral expenses constitute property damage within the contemplation of M. S. A. § 340.95. In Bundy v. City of Fridley, filed June 21, 1963, [265 Minn. 549, 122 N. W. (2d) 585] our Supreme Court left open the question whether the same constituted property damage within the meaning of § 340.95.

"It is therefore ordered that the motion of the defendant for summary judgment as to the property damage claims of the plaintiffs be and is hereby denied; * * *."

In connection therewith, the court certified to this court that the following questions were important and doubtful:

"1. Does the destruction of the right of parents of a deceased minor to the earnings and services of the deceased minor constitute an injury to property within the meaning of the Civil Damage Act?

"2. Does the payment by the parents of a deceased minor's funeral expenses constitute an injury to property within the meaning of the Civil Damage Act?

"3. Is the loss of the child itself a loss of property within the meaning of the Civil Damage Act?"

Subsequent to the filing of this order, our decision in Herbes v. Village of Holdingford, 267 Minn. 75, 85, 125 N. W. (2d) 426, 433, where similar issues were presented, was filed. Therein we stated:

"* * * The record shows that the plaintiffs spent $1,418 in burial expenses for Lloyd. The record also clearly establishes, we think, that the plaintiffs were deprived of services and earnings of their minor son due to the illegal sale of intoxicating liquor. Under the circumstances they are entitled to recover the burial expenses and damages for the

loss of Lloyd's services and earnings up to the time he would have attained his majority as an injury to property. * * * This court has already recognized the principle directing such a holding. The corollary of the child's duty to render services to the parent is the right of the parent to own, possess, enjoy and dispose of such services. The right to own, possess, enjoy, and dispose of a thing is the essence of a property right. 15 Dunnell, Dig. (3 ed.) § 7849. So, where a parent is deprived of the services of a minor child, there has been a consequent injury to property which is compensatory under the Civil Damage Act." Citing Iszler v. Jorda (N. D.) 80 N. W. (2d) 665.

In the present appeal defendant concedes that, if Herbes v. Village of Holdingford, *supra*, is followed, the order of the trial court herein must be affirmed. It contends, however, that there the issues were not fully briefed or considered and that it should be overruled. In support of this position it cites a number of decisions from foreign jurisdictions which will be referred to herein.

■ Reexamination of Herbes v. Village of Holdingford, *supra*, and the authorities there cited and considered compels our adherence to the opinion therein. There issues as to whether a parent's loss of earnings or loss of the services of a minor killed by an intoxicated person, or his liability for the funeral expenses of such minor, constituted injury to his *property* within the meaning of Minn. St. 340.95 were presented and fully considered. Therein we held that the destruction of a parent's right to the earnings and services of a minor child, as well as his liability for the funeral expenses of such child, constituted injury to his *property* within the meaning of § 340.95; and we now find no cogent reason to divert from this conclusion. See, Beck v. Groe, 245 Minn. 28, 70 N. W. (2d) 886, 52 A. L. R. (2d) 875; Bundy v. City of Fridley, 265 Minn. 549, 122 N. W. (2d) 585; State Farm Mutual Auto. Ins. Co. v. Village of Isle, 265 Minn. 360, 122 N. W. (2d) 36; Empire Fire & Marine Ins. Co. v. Williams, 265 Minn. 333, 121 N. W. (2d) 580.

■ Cases from foreign jurisdictions relied upon by the defendant, which in many instances involve death-by-wrongful-act statutes rather

than civil damage acts,[2] for the most part fall short of sustaining its position in seeking a more restricted construction of the term "injured in property" as used in civil damage acts than was given it by this court in Herbes v. Village of Holdingford, *supra*. We feel that our

[2]In Billingsley v. St. Louis, I. M. & S. Ry. Co. 84 Ark. 617, 107 S. W. 173, the court held that under a *wrongful death statute* death of wife caused by negligence of defendant did not result in injury to "property" of surviving husband. In Dworak v. Tempel, 17 Ill. (2d) 181, 161 N. E. (2d) 258, the court held that under *Civil Damage Act* insurer of injured person could not maintain an action against person causing the injury for sums which it had paid to its insured. In Eager v. Nathan, 14 Ill. App. (2d) 418, 144 N. E. (2d) 629, court held that under *Civil Damage Act* loss of profits resulting from the death of a hotel clerk caused by an intoxicated person could not be recovered as an injury to "property." In Fortner v. Norris, 19 Ill. App. (2d) 212, 153 N. E. (2d) 433, court held that under *Civil Damage Act* a person is injured in property when his estate is lessened by other than personal injuries; and that an injury to property need not necessarily be a direct physical damage to it. In Howlett v. Doglio, 402 Ill. 311, 83 N. E. (2d) 708, 6 A. L. R. (2d) 790, the court held that under *Civil Damage Act,* which authorized recovery for damages by persons injured "in person" or "property" or in "means of support," mother of 18-year-old girl killed by intoxicated person could not recover for her death as an "injury to property." In Robertson v. White, 11 Ill. App. (2d) 177, 136 N. E. (2d) 550, court held that under *Civil Damage Act* mother could not recover for death of 4-year-old son as a "loss of means of support" or as a loss to her "property." In Shepherd v. Marsaglia, 31 Ill. App. (2d) 379, 176 N. E. (2d) 473, court held that under *Civil Damage Act* an injury to son of plaintiffs authorized their recovery of medical and hospital expenses as injury to "property." In American Surety Co. v. State ex rel. Holtam, 46 Ind. App. 126, 90 N. E. 99, 91 N. E. 624, court held that under *Civil Damage Act,* which permitted recovery for "loss of means of support," wife of man killed by intoxicated person could recover this item. In Reed v. Belfast, 20 Me. 246, court held that under *wrongful death statute* father could not recover for medical expenses or loss of services of son as an injury to his "property." In Hey v. Prime, 197 Mass. 474, 84 N. E. 141, 17 L. R. A. (N. S.) 570, the court held that *wrongful death statute* authorizing survivor's recovery for "damage to the person" would include only such damages as resulted from direct bodily injury and would not cover consequential damage suffered as a result of wrongful interference with rights. In Keating v. Boston Elevated Ry. Co. 209 Mass.

previous construction of such words in § 340.95 is in conformance with their ordinary or generally accepted meaning and should be upheld.

■ Likewise, we believe that had the legislature intended that under § 340.95 parents should be permitted recovery for their expenditures for the care, maintenance, and education of a child killed by an intoxicated person it would have authorized this remedy in clear and definite terms. We find nothing in this section which would indicate that the legislature intended that recovery for "injury to property" was intended to cover losses due to the death of a child in itself. See, Robertson v. White, 11 Ill. App. (2d) 177, 136 N. E. (2d) 550; Reed v. Belfast, 20 Me. 246.

Affirmed.

---

278, 95 N. E. 840, court held that an action to recover for medical expenses and loss of services does not survive death of son under clause authorizing recovery for damages to the "person" or for damages to "property." In Roberts v. City of Detroit, 102 Mich. 64, 60 N. W. 450, 27 L. R. A. 572, court held that under *special statute* authorizing actions against a municipal corporation for injuries caused by it to "property" husband could not recover for loss of his wife's services because his "property" had not been damaged within the meaning of act. In Bradford v. Boley, 167 Pa. 506, 31 A. 751, the court held that under Pennsylvania *Civil Damage Act,* which permits recovery for an injury to "person" or "property," wife had not suffered injury to her "person" or "property" because of imprisonment of her husband who, while intoxicated, had killed another. In Davis v. Carpenter, 72 Vt. 259, 47 A. 778, court held that under *wrongful death statute,* which authorized recovery of damages for injury to "personal estate," loss of services of minor child could not be recovered.